Campbell v. Coal & Iron Corp.

ALTON CAMPBELL *v.* BON AIR COAL & IRON CORPORATION.*

(*Nashville.* December Term, 1924.)

1. **INFANTS. Power to remove disabilities rests with legislature.**

   The legislature has power to fix the age at which the disabilities of infancy shall be removed. (*Post, pp.* 135, 136).

2. **MASTER AND SERVANT. Provision for notice of injury held applicable to minor employee.**

   The requirement of Workmen's Compensation Act, section 22, that employee shall give notice to employer within thirty days after injury *held* applicable to minor employee more than eighteen years of age at time of injury. (*Post, pp.* 135, 136.)

   Cases cited and approved: Borgnis v. Falk Co., 147 Wis., 327; Young v. Sterling Leather Works, 91 N. J. Law, 289; Manning v. American Clothing Co., 147 Tenn., 274; W. U. Tel. Co. v. Ausbrooks, 148 Tenn., 615.

   Cases cited and distinguished: McClain v. Kingsport Imp. Corp., 147 Tenn., 130; Scott v. Nashville Bridge Co., 143 Tenn., 120.

---

*Headnotes 1. Infants, 31 C. J., Section 25; 2. Workmen's Compensation Acts, Section 102 (1926 Anno.).

FROM WHITE.

---

Appeal from the Circuit Court of White County.— HON. C. E. SNODGRASS, Judge.

CAMP & BUTLER, for plaintiff.

F. T. FANCHER, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit to recover damages under the Workman's Compensation Act (Pub. Laws 1919, c. 123).

The defense of failure to give the thirty days' notice, as provided by section 22 of the act, was sustained by the trial court, and the suit was dismissed.

At the time of the injury the plaintiff was between twenty and twenty-one years of age, and his insistence is that, being an infant, he was excused from giving notice, and relies upon the case of *McClain* v. *Kingsport Improvement Corporation,* 147 Tenn., 130, 245 S. W., 837. In that case the court said:

"Infancy of dependents is a reasonable excuse for failure to give notice of the accident to the employer within thirty days."

In this case the action is not brought by "dependent infants" but by an "employee," who was over eighteen years of age at the time of the injury.

This court, in *Scott* v. *Nashville Bridge Co.,* 143 Tenn., 120, 223 S. W., 853, said:

"It is next said that the act is unconstitutional, in that it undertakes to make an election for and a binding contract upon a minor employee, when, by reason of such minority, he is unable to make such election or contract.

"In the caption to the act it is set forth as being one of the purposes of the act 'to make minors *sui juris* for certain purposes.'

"In section 2, subsection b, of the act, it is provided: ' "Employees" shall include every person, including a minor, in the service of an employer, . . . under any contract of hire, apprenticeship, written or implied.'

"The second paragraph of section 7 of the act is as follows: 'Whenever payment is made to any person eighteen (18) years of age or over the written receipt of such person shall acquit the employer.'

"In section 31, subsection 4, it is provided: 'In case of physical or mental incapacity, other than minority, of the injured person, . . . the period of limitation in any such case shall be extended for one year from the date when such incapacity ceases.'

"We are of the opinion that the plaintiff is not in a posittition to challenge the act upon the ground that it undertakes to make an election for a minor employee, because it is not shown that plaintiff is a minor; in fact, we do not understand that it is claimed that he is a minor, and therefore has no interest in the provisions of the act relating to minors.

"However, we think there is no question as to the power of the legislature to endow minors with the right to make contracts otherwise lawful, and after he has been so endowed he becomes, for the purpose of the act, an adult, or, at least, on the same plane. It was expressly so ruled in the case of *Borgnis* v. *Falk Co.,* 147 Wis., 327, 133 N. W., 209, 37 L. R. A. (N. S.), 489.

"And it was expressly held in the case of *Young* v. *Sterling Leather Works,* 91 N. J. Law, 289, 102 Atl., 395, in which case the validity of the Workmen's Compensation Act of the State of New Jersey was challenged,

that a minor has no such vested right in his disability recognized by the common law as to prevent the legislature from constitutionally removing such disability with respect to future contracts, and that it had the power to change the age at which the minor is privileged to exercise legal rights which should be binding on him.''

This court, by judicial construction, limited the act to such infants as were lawfully employed. *Manning* v. *American Clothing Co.*, 147 Tenn., 274, 247 S. W., 103; *Western Union Telegraph Co.* v. *Ausbrooks*, 148 Tenn., 615, 257 S. W., 858, 33 A. L. R., 330.

The act therefore in express terms, applies to infants (with the exception stated) the same as to adults who are "under contract of hire;" thus recognizing their right to contract with respect to their services. But, while thus amenable to the act and, impliedly, authorized to contract, a restriction is placed upon them in the seventh section of the act, as follows:

''Whenever payment is made to a person under the age of eighteen (18) years, or to a dependent child as defined in subsection 2 of section 30 over the age of eighteen (18) years, the same shall be paid to a duly and regularly appointed guardian or trustee of such child, and in receipt of such guardian or trustee shall acquit the employer and shall be in lieu of any claim of the parents of such child or minor for loss of services.''

It thus appears that, with respect to an infant employee over eighteen years of age, the legislature intended to confer upon him the *status* of an adult. He is authorized to contract with his employer; to settle with him in case of injury, or (impliedly), if necessary, institute suit

against him, as though he were an adult. It is different with respect to infant employees under eighteen years of age and infant dependents generally.

Under all of the authorities the legislature has the power to fix the age at which the disabilities of infancy shall be removed. The legislature has the same power to emancipate an infant that a parent has, and clearly such was the intention of the legislature in framing the act in question.

By chapter 162, Acts 1915, jurisdiction is conferred upon the chancery court to remove the disability of minority where the infant is over eighteen years of age.

Section 22 of the act expressly provides that every "injured employee" shall give notice within thirty days. It makes no exception, and the act makes an infant, lawfully hired, an employee.

The only excuse offered by the plaintiff for failing to give notice was the fact that he was an infant.

This is not a valid excuse or one that should excuse him from complying with the plain mandate of the act.

We base our conclusion upon the fact that, under the provisions of the act, infant employees over eighteen years of age have been emancipated; thus distinguishing this case from that of *McClain* v. *Kingsport Improvement Corporation,* supra.

From the foregoing it results that the judgment of the circuit court will be affirmed.