29752.  WALL *v.* J. W. STARR & SONS LUMBER
COMPANY *et al.*

DECIDED DECEMBER 4, 1942.

*G. Seals Aiken, Walter W. Aycock,* for plaintiff.

*Devereux F. McClatchey, James F. Cox, J. Wilson Parker, Hirsch, Smith, Kilpatrick, Clay & Cody,* for defendants.

STEPHENS, P. J.   Sam C. Wall and his wife filed suit against T. E. Goodwin and J. W. Starr & Sons Lumber Company, a corporation, seeking to recover for the death of Gordon Wall, the son of the plaintiffs, alleging that his death was caused by the negligence of the defendants in the operation of an automobile truck. It was alleged that this truck at the time it overturned, causing their son's death, was being operated by a servant of the defendants by the name of Johnny English, who was in the performance of his duties at the time; that the son at the time of his death was riding, at the request of the defendants, on the truck which was loaded with lumber, for the purpose of aiding in the transportation and unloading of this lumber, having been employed and engaged by them for that purpose; the son was unmarried; that they were dependent on him for support and that he contributed to their support.   The plaintiffs amended the petition by striking the name of the father as a party plaintiff.

The lumber company and Goodwin filed separate demurrers to the petition and also filed separate answers.   The lumber company, by an amendment to its answer, alleged that it had accepted and complied with the provisions of the workmen's compensation act, having more than the number of employees required to make the provisions applicable to it.   In this amendment the defendant further alleged: "To the extent that it may be claimed by the plaintiffs that the deceased Gordon Wall was at the time and place referred to in the petition an employee of this defendant (any such contention being expressly denied by this defendant) this action does not properly lie under any such contention or state of facts, for the reason that the Code, § 114-103, of the Georgia law expressly excludes rights of employees injured in the course of their employments except the rights and remedies provided by the workmen's compensation act; namely, that such rights and remedies

shall be determined and adjudicated in the Department of Industrial Relations and not originally in the superior courts of the State."

The plaintiff filed an amendment to the petition in which she added certain paragraphs and also added count 2, in which she alleged that the lumber being conveyed on the motor truck which overturned and caused the death of her son had been purchased by the lumber company and was being conveyed by Goodwin, for the lumber company, by motor vehicle over the public highways of this State; that Goodwin was conveying such lumber, which was part of a large lot purchased by the lumber company, for hire; that Goodwin was operating his truck in the carriage of such lumber as a motor carrier, under the definition and description embodied in chapter 68-5 of the Georgia Code annotated and pocket part; that Goodwin had not registered with and secured from the Public-Service Commission a license for such operation of his truck; that Goodwin had not secured from the Public-Service Commission, as provided by the Code, § 68-504, a certificate of convenience and necesity; that Goodwin had not secured a bond or any insurance as provided in the Code, § 68-509; that Goodwin was not complying with the law as embodied in Code §§ 68-501 et seq., and was making no effort to comply with the law specified in § 68-509; that the lumber purchased by the lumber company had not been produced by the lumber company, nor had such lumber been produced by Goodwin; that the lumber company made no investigation to determine whether Goodwin had complied with the law of this State relatively to the operation of motor vehicles for hire, or with the rules and regulations of the Public-Service Commission; that the lumber company knew, or could have learned by the exercise of any degree of diligence, that Goodwin had not complied with such law; that such lumber was being hauled by Goodwin as a contractor, with full knowledge on the part of the lumber company that Goodwin had not complied with such law and with the rules and regulations of the Public-Service Commission, and that the lumber company is therefore liable to the plaintiff for all of the acts of Goodwin and of his truck driver, Johnny English, in the operation of Goodwin's truck which caused the death of the plaintiff's son.

Count 2 of the amendment set forth that Johnny English was

a reckless and incompetent driver, and that the defendants knew him to be such a driver at the time they permitted him to drive the truck whereby the plaintiff's son was killed. It was also alleged that certain parts of the truck were worn and defective, and the truck was not in a suitable and serviceable condition, and was not a safe instrumentality to be used by the defendants in the carriage of lumber on the highways of this State, and that the defendants knew, or by the exercise of a proper inspection which due care required them to make could have known, of the condition of the truck; that it was negligence on the part of the defendants to permit the operation of such truck in this condition by such reckless driver, and that in the exercise of due care they should have warned the plaintiff's son of the condition of the truck and the character of the driver. The plaintiff alleged as negligence the failure of Goodwin to register and license the truck as required by the law above stated, and the failure of the defendants to carry the bond or liability insurance as provided in the law above referred to. The plaintiff further alleged that both of the defendants knew they were violating the law and the rules and regulations of the Public-Service Commission as to the operation of motor trucks on the highways, and yet they failed to notify or warn the plaintiff's son thereof.

The judge sustained the oral demurrer to the amendment and struck therefrom count 2. The plaintiff excepted pendente lite. The case came on for trial and on the close of the plaintiff's evidence both defendants moved for a nonsuit. The court granted the motion as to the lumber company but stated that it was in doubt as to whether or not a prima facie case had been made by the evidence as to Goodwin. Thereupon the plaintiff's counsel, G. Seals Aiken, announced that he did not care to go ahead with the case against Goodwin but elected instead to except directly to the judgment of nonsuit against the lumber company.

Under the pleadings and the evidence for the plaintiff it is contended that the deceased son was employed for the purpose of aiding in the transportation and unloading of the lumber from the truck by the lumber company, and that the deceased was riding on the truck at the time it was wrecked, as a servant or employee of the lumber company. It appears without dispute that the lumber company operated under the workmen's compensation law. Even

if the plaintiff's son were but a casual employee, if his death arose out of an injury by accident arising out of and in the course of his employment by the lumber company the plaintiff's remedy would be solely under the compensation act, and she could not recover either at common law or otherwise on account of such injury notwithstanding the death of her son might have been attributable to the fault of the lumber company. Code, § 114-103. See *Blue Bell Globe Mfg. Co.* v. *Baird,* 61 *Ga. App.* 298 (2) (6 S. E. 2d, 83), s. c. 64 *Ga. App.* 347 (13 S. E. 2d, 105).

The plaintiff alleged, and this allegation was not stricken by amendment, that her son, in riding on the load of lumber, was aiding the defendants at their request and for their benefit, and was their servant and employee to help in the transportation and unloading of the lumber. It follows that any right which the plaintiff may have to recover for the death of her son, on account of dependency on him for support and contributions by him to her support, would arise under the workmen's compensation laws and not under the statute giving compensation to the mother for the death of her child where the defendant is at fault. The court did not err in granting a nonsuit as to the lumber company. The question as to the liability of Goodwin is not presented for determination. *Judgment affirmed. Sutton and Felton, JJ., concur.*