NAPIER *v.* MARTIN *et al.*

*(Nashville,* December Term, 1951.)

Opinion filed June 7, 1952.

Jay C. Evans, of Nashville, for plaintiff.

Dan E. McGugin, of Nashville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff, Mrs. Hillery Napier, instituted suit for the loss of services and consortium of her husband as a result of an alleged accident suffered by him while he was in the employ of the defendants.

At the time of the accident, the husband was subject to the Workmen's Compensation Act and defendants have been and still are paying plaintiff's husband benefits under the Act. This suit sought damages at common law for the loss of services and consortium. The defendants demurred and this demurrer was sustained.

It is conceded that the question presented is one of first impression in this state. No such right of action exists in Tennessee under the common law or by statute. *Hull* v. *Hull Bros. Lumber Co.*, 186 Tenn. 53, 208 S. W. (2d) 338.

The plaintiff insists that since the passage of Chapter 126, Acts of 1919, commonly known as the Married Women's Emancipation Act, she is entitled to maintain this suit in the same manner as the husband would have been entitled to maintain a suit for the loss of services where the wife was the injured party.

In our view of the case, it is not necessary for us to decide what effect Chapter 126, Acts of 1919 has ordinarily on the right of the wife to bring such suit as was here instituted.

It is conceded that the Workmen's Compensation Act was followed in this case and that the husband had been

drawing benefits from the defendants for some time before the institution of this suit.

Williams' Code, Sec. 6859 provides:

"Remedy excludes all other rights and remedies. —The rights and remedies herein granted to an employee subject to this chapter on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

Code Sections 6858, 6879, 6880, 6883, and 6884 contain express provisions for the wife, children and other dependents of an employee who dies as a result of injury received in a compensable accident thereby clearly evidencing a legislative intent to bring the entire family group of which the employee is the head within the purposes and coverage of the Workmen's Compensation Act.

In *McDonald* v. *Dunn Construction Co.*, 182 Tenn. 213, 185 S. W. (2d) 517, 520, this Court said:

"If an employer has complied with the provisions of the Workmen's Compensation Act he is not subject to suit for negligence at common law, since the Act provides remedies which are exclusive."

The cited case involved a suit by the widow of an injured employee who, together with his employer, was subject to the Workmen's Compensation Act at the time he received the injury arising out of and in the course of his employment which resulted in his death. Instead of seeking benefits as provided for her under the Workmen's Compensation Act, his widow sued at law for his wrongful death but she was held to the benefits provided

by the Workmen's Compensation Act as exclusive remedy.

We are therefore of the opinion that exclusive right was under the Workmen's Compensation Act and therefore the wife could not maintain this action for common law negligence. This being true, we think the Circuit Judge correctly sustained the demurrer and dismissed the suit.

Affirmed.