144

WALTER PIGG, Adm'r of the Estate of CARSEY GENE PIGG, Deceased,

*v.*

JAMES STACEY and JOHN M. MILLS.

356 S.W.2d 593.

(*Nashville,* December Term, 1961.)

Opinion filed April 4, 1962.

WILLARD HAGAN, Lebanon, HARRY PAGE, Gainesboro, for plaintiff in error.

SOLON FITZPATRICK, Carthage, WM. T. MCHUGH, Nashville, for defendants in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The lower court sustained a demurrer to the declaration seeking damages for the alleged wrongful killing of Carsey Gene Pigg, deceased, resulting in a dismissal of the suit and this appeal resulted.

The only question here is whether the lower court was correct in sustaining defendant's demurrer to the declaration, and thereby dismissing plaintiff's suit.

The declaration alleged that Carsey Gene Pigg was killed by a collision on the 2nd day of May, 1960, and that defendant, James Stacey, at the time complained of was an employee of the defendant, John M. Mills.

"That Carsey Gene Pigg, deceased was eighteen years of age at the time of his death and went from place to place with defendant, James Stacey, in the treatment of buildings for termites.

"That Highway 70N is a State and Federal highway which runs generally east and west across Wilson County, Tennessee. That on the morning of May 2, 1960, James Stacey was driving the pickup truck owned by defendant, John M. Mills, bearing license plate number for the year 1960——, westerly on Highway 70 in Wilson County, Tennessee. That decedent, Carsey Gene Pigg, was riding in said truck with the said James Stacey and presumably parties were enroute to a termite job. That on said occasion the defendant, James Stacey, was operating said truck as the agent and servant and on the business of the defendant, John M. Mills, in the usual course of his duties as an employee. * * *

"Plaintiff avers and charges that decedent's employment by defendants was in violation of the Child Labor Law of Tennessee.

"In addition, plaintiff avers and charges that decedent at the time of his death was a minor, eighteen years of age, and he, had he survived, or in this case his legal representative, has the right of election whether to proceed at Common Law or under the Workmen's Compensation Act of Tennessee, due to the minority of said decedent, for damages for the wrongful death."

The declaration then seeks damages in the sum of $25,000.00.

Section 50-908, T.C.A. Sup. provides:

"The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

Up until the Public Acts of 1961, Chapter 184, Section 2, the law was otherwise where the person affected was a minor.

In *McDonald v. Dunn Construction Co.,* 182 Tenn. 213, 185 S.W.2d 517, this Court said:

"If an employer has complied with the provisions of the Workmen's Compensation Act, he is not subject to suit for negligence at common law, since the Act provides remedies which are exclusive." See also *Napier v. Marin,* 194 Tenn. 105, 250 S.W.2d 35.

Section 50-902, T.C.A. Sup. provides:

"(b) 'Employee' shall include every person, including a minor whether lawfully or unlawfully employed, in the service of an employer, as 'employer' is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied. Any reference herein to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under the Workmen's Compensation Law."

However, it appears that the deceased was killed on May 2, 1960, and that Section 50-908, T.C.A.Sup. was not in effect at that time and did not become effective until March 10, 1961. Therefore, the demurrer must be considered in the light of the fact that the injury or collision took place in May, 1960, and at that time the plaintiff had a cause of action, if sustained by the proof, and he is not prejudiced by said Section 50-908, T.C.A.Sup., because this is a substantive right and is not a matter of remedy.

An act of the Legislature is construed so as to give it prospective and not retroactive force unless the latter purpose is plainly expressed or necessarily implied. See *Jackson v. Loyal Additional Ben. Ass'n,* 140 Tenn. 495, 205 S.W. 318; also *Dowlen v. Fitch et al.,* 196 Tenn. 206, 264 S.W.2d 824, 266 S.W.2d 357, 41 A.L.R.2d 791.

Here though said Chapter 184 Public Acts of 1961 changed the substantive law and therefore the demurrer should not have been sustained.

The case is therefore reversed and remanded for further proceedings consistent with this opinion.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.

### ON PETITION TO REHEAR

The defendants have filed a petition to rehear contending that plaintiff's remedy, if any, is under the Workmen's Compensation Law.

However, in the declaration no allegation of fact to warrant the factual conclusion that the Workmen's Compensation Law applied.

Prior to Chapter 184, Public Acts of 1961, which amended Section 50-908, T.C.A. this section of the Code did not exclude all other remedies. Prior to this amendment the law was otherwise as pointed out in our opinion. The amendment became effective March 10, 1961, and the death of the decedent took place in May, 1960.

The petition to rehear must be overruled.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.