JOHN M. MILLS et al., Plaintiff-in-Error, v.
WALTER PIGG, Adm'r, Defendant-in-Error.
—393 S.W.(2d) 28.

Middle Section. March 26, 1965.

Certiorari Denied by Supreme Court June 7, 1965.

Solon Fitzpatrick, Carthage, Wm. Thomas McHugh, Nashville, for plaintiff in error.

Harry Page, Gainesboro, William D. Baird, Willard Hagan, Lebanon, for defendant in error.

SHRIVER, J. This suit involves the question whether the Administrator of Carsey Gene Pigg, deceased, can maintain his suit at common law for the negligent and wrongful death of the deceased or must proceed under the Workmen's Compensation Act of Tennessee as being exclusive of all other remedies.

Plaintiff, Walter Pigg, Administrator, sued the defendants John M. Mills and James Stacey for $25,000.00 damages for the wrongful death of Carsey Gene Pigg and filed his declaration May 12, 1961 alleging, among other things, that Stacey, as the agent and servant of John M. Mills, doing business as Tennessee Valley Termite Company, while operating a motor vehicle of said John M. Mills on U. S. Highway 70 West of Lebanon, Tennessee, negligently drove said vehicle into violent collision with the concrete railing of a bridge on said highway, fatally injuring the decedent, Carsey Gene Pigg, who was a passenger in said vehicle at the time.

It is further alleged that the deceased, Carsey Gene Pigg, was 18 years of age at the time of his death and was

employed by the defendant, John M. Mills, and was riding in said truck with the said James Stacey, also an employee of John M. Mills, and that the parties were enroute to a job in which they were engaged for their employer. It is alleged that the driver was not keeping a proper lookout ahead, that he did not have his vehicle under control, and was otherwise negligent in his operation of it which resulted in the fatal injury to the deceased.

There is also this averment in the declaration, "Plaintiff avers and charges that decedent's employment by defendants was in violation of the Child Labor Law of Tennessee."

It is also alleged that the decedent, at the time of his death, was a minor 18 years of age and, "Had he survived, or, in this case his legal representative, has the right of election whether to proceed at common law or under the Workmen's Compensation Act of Tennessee, due to the minority of said decedent. Plaintiff further charges that decedent was survived by his father and brothers and sisters, and this suit is brought for the use and benefit of the statutory beneficiaries of the decedent."

Defendant, John M. Mills, demurred to the declaration on three grounds:

1. That the declaration did not show illegal employment of the deceased; that it alleged only a conclusion of the pleader to that effect.

2. That all parties were working under and bound by the Workmen's Compensation Act, therefore, the plaintiff did not have a right to maintain a common law action, the sole remedy being under the Compensation Law.

3. That the declaration shows that the deceased, Carsey Gene Pigg, met his death from injuries caused by a

fellow servant of defendant, John M. Mills, therefore, Mills was not liable.

Defendant, Stacey, also demurred on similar grounds and the Court sustained the demurrers, dismissing the suit as to both defendants.

The cause was appealed to the Supreme Court and in an opinion by Chief Justice Prewitt filed April 4, 1962 in the case styled Pigg v. Stacey, 210 Tenn. 144, 356 S. W. (2d) 593, the trial Court was reversed and the cause remanded for further proceedings.

In said opinion the Court quoted Section 50-908 T. C. A. as follows;

"The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

The Court took note of the fact that the words, *"including a minor whether lawfully or unlawfully employed"*, were added by Chapter 184, Section 2, of the Public Acts of 1961.

The Court then quoted from McDonald v. Dunn Construction Company, 182 Tenn. 213, 185 S. W. (2d) 517, as follows;

"If an employer has complied with the provisions of the Workmen's Compensation Act, he is not subject to suit for negligence at common law, since the Act provides remedies which are exclusive."

616 

. After also quoting Section 50-902 T. C. A. to the effect that the word "Employee" shall embrace every person, including a minor whether lawfully or unlawfully employed, in the service of an employer— under any contract of hire, apprenticeship, written or implied, and in the reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives to whom compensation might be payable under the Workmen's Compensation Law, the opinion states that, since it appeared that the deceased was killed on May 2, 1960 and that the above quoted Section 50-908 T. C. A. was not in effect at that time but became effective March 10, 1961, the demurrer must be considered in the light of the injury or collision which took place in 1960 and at a time when the plaintiff had a cause of action, if sustained by the proof, and is not prejudiced by Section 50-908 because this is a substantive right and is not a matter of remedy, and that an act of the legislature is construed so as to give it prospective and not retroactive force unless such purpose is plainly expressed or necessarily implied.

The opinion concludes with this significant statement,

"Prior to Chapter 184, Public Acts of 1961, which amended Section 50-908, T. C. A. this section of the Code did not exclude all other remedies. Prior to this amendment the law was otherwise as pointed out in our opinion. The amendment because effective March 10, 1961, and the death of the decedent took place in, May, 1960."

After the above action of the Supreme Court the defendants each filed' (1) a general issue plea of not guilty and, (2) a special plea that the deceased and defendant Stacey were both working under and were

bound by the Workmen's Compensation Law of Tennessee, ánd (3) that Stacey and the deceased were fellow employees of defendant John M. Mills doing business, etc., and (4) a denial that Carsey Gene Pigg was illegally employed by the defendant John M. Mills.

On motion of plaintiff, pleas (2) and (4) hereinabove, were stricken, whereupon, the defendant excepted and prepared their Wayside Bill of Exceptions preserving the stricken pleas and same are in the record.

The case was then tried before a jury on March 10, 1964 and the jury rendered a verdict in favor of the plaintiff and against the defendants for $25,000.00, whereupon, defendants excepted and prayed an appeal which was granted and perfected and assignments have been filed.

## ASSIGNMENTS OF ERROR

There are numerous assignments of error which we will not set out seriatim. They raise the question whether the Court erred in striking the above mentioned pleas of the defendants; whether the Court erred in excluding from the jury testimony as to whether the defendants and the deceased were working under, and bound by the provisions of the Workmen's Compensation Act of Tennessee at the time of the injury complained of; whether the Court erred in denying the defendants' motions for a new trial because there was no evidence to sustain the verdict; whether the verdict is so excessive as to indicate passion, prejudice and caprice on the part of the jury.

It is insisted by defendants that the Court erred in striking their plea to the effect that at all times during the employment of plaintiff's intestate by defendant Mills, he had in his employ more than five persons and had fully complied with the Workmen's Compensation

Act of Tennessee, and in excluding exhibit No. 1 to Mills' testimony which was a certified copy of the record showing that he had complied with the Workmen's Compensation Act.

It might be said that we agree with the insistence of counsel for defendants that the testimony introduced in the absence of the jury and preserved in the record, seems to show that the defendant, Mills, had complied with the Workmen's Compensation Act and that his employees, including the deceased, were operating under it.

We think the Court was in error in excluding this evidence from the jury and in holding that, as a matter of law, the question of compliance with the Workmen's Compensation Act was not pertinent to the inquiry before the Court and jury.

It is also insisted that the Court was in error in striking the fourth special plea of the defendant Mills to the effect that the deceased, Carsey Gene Pigg, was not employed in violation of the Child Labor Law of Tennessee, as averred in the declaration.

It is insisted that the defendant had a right to deny that he had illegally employed the deceased and to require proof of the allegation of plaintiff's declaration that the deceased was illegally employed, the allegation of illegal employment being the apparent ground on which the Supreme Court in Pigg v. Stacey, supra, held that the declaration was not demurrable.

It is further insisted that the plaintiff failed to show, by any proof whatever, that the deceased, Carsey Gene Pigg, was illegally employed at the time of the accident which resulted in his death.

Similar pleas made by defendant, James Stacey, were also stricken.

In view of the holding in the case of Pigg v. Stacey, supra, we think it was error for the Court to deny the defendants the right to plead to the allegation that the deceased was illegally employed and to fail to require proof on the part of the plaintiffs that he was illegally employed, as a prerequisite to his right of election under the Workmen's Compensation Act as it existed prior to the 1961 amendment. We also agree with counsel for the defendants that there is no evidence in the record to sustain the averment in the declaration that the deceased was illegally employed.

On the other hand, it is alleged in the declaration and nowhere denied that the deceased was 18 years of age at the time of the accident and was not a "minor under the age of 18 years".

In Campbell v. Bon Air Coal & Iron Corp., 151 Tenn. 132, 135, 136, 268 S. W. 377, it was said;

"It thus appears that, with respect to an infant employee over 18 years of age, the Legislature intended to confer upon him the status of an adult. He is authorized to contract with his employer; to settle with him in case of injury, or (impliedly), if necessary, institute suit against him, as though he were an adult. It is different with respect to infant employees under 18 years of age and infant dependents generally."

The Child Labor Law referred to in the declaration, Section 50-709 T. C. A., *provides that no minor under 18 years of age* shall be employed, permitted or suffered to work in any gainful occupation for more than eight hours in any one day, or for more than forty hours in any one

week, or on more than six days during any seven consecutive days.

It is argued by counsel for the defendant that in the opinion in Pigg v. Stacey, supra, where the Court stated that until Chapter 184 Acts of 1961 was enacted, Section 50-908 T. C. A. did not exclude all other remedies where the person affected was a minor, the Court was referring to the fact that, until the enactment of the 1961 amendment, (Chapter 184, Section 2,) if a minor were illegally employed, he was not bound by the Workmen's Compensation Law but could elect whether he would proceed under that law or under the common law for damages for injuries received during the course of his employment.

In response to the petition to rehear in Pigg v. Stacey, the Court said, "Prior to Chapter 184, Public Acts 1961, which amended Section 50-908, T. C. A. this section of the Code did not exclude all other remedies", the implication being that, subsequent to the passage of Chapter 184 Acts of 1961, the remedy under the Workmen's Compensation Law became exclusive. It is further argued, we think correctly so, that, if the minor was not illegally employed he was bound by the Workmen's Compensation Act, Section 50-902 which expressly provides that the term "Employee" as used in the act, shall embrace every person, including a minor, and makes the compensation law the exclusive remedy, thus, prohibiting a common law action for damages.

The words of the Act quoted hereinabove are specific on this point and the quotation, with approval from McDonald v. Dunn Construction Co. contained in Pigg v. Stacey, supra, is to the effect that the remedies under the Workmen's Compensation Act are exclusive.

That the Court has held this to be true cannot be successfully denied. For example, in one of the most recent cases to be decided and reported by our Supreme Court, viz, Liberty Mutual Insurance Company v. Stevenson, 212 Tenn. 178, 368 S. W. (2d) 760, Mr. Chief Justice Burnett speaking for the Court, stated;

"In Tennessee a suit under our Workmen's Compensation Act pursuant to sec. 50-908, T. C. A., is exclusive of all rights, or in the words of the Act, 'shall exclude all other rights and remedies of such employee * * *' and denies him the right of action 'at common law or otherwise' for any injuries or death that might occur. The exclusiveness of this Act has thus been applied in a number of instances in this State as in Napier v. Martin, 194 Tenn. 105, 250 S.W.(2d) 35, wherein other cases are cited. When the employer and the employee elect to operate under this Act, that is the Workmen's Compensation Act, these benefits and rights the employee gets under the Act are exclusive."

Also see Majors v. Moneymaker, 196 Tenn. 698, 270 S. W. (2d) 328, where it was held that an employee who was an invited guest in an automobile being operated by a fellow employee at the time of the collision, could not hold the fellow employee liable for resulting injuries where, at the time of the accident, both were acting in concert within the scope and course of their employment. In Sturkie v. Bottoms, 203 Tenn. 237, 310 S. W. (2d) 451, it was held that where both employees were covered by the Compensation Act, the injured person was not "a third person" who might be sued by the co-employee in a common law action for negligence. And in American Surety Company of New York v. City of Clarksville, 204 Tenn. 67, 315 S. W. (2d) 509, it was said that an

employee, under the Workmen's Compensation Act, is one who is employed by another and works for wages or salary without regard to whether employment is legal or illegal and that the fact that a minor is without the capacity to enter into an express contract does not preclude him from being an employee.

As above indicated, we think it was error for the trial Judge to strike the pleas of the defendants to the effect that the defendants and deceased were operating under the Workmen's Compensation Act and bound by its provisions and the plea to the effect that the deceased was not illegally employed, as averred in the declaration. We think proof on these questions was pertinent to the inquiry before the Court and jury and should have been entertained for the purpose of determining whether or not the deceased was entitled to an election of remedies or was bound by the provisions of the Workmen's Compensation Act.

It would appear from the averments of the declaration and from the proof that the deceased, a young man 18 years of age, had no dependents, in which case it would seem that his remedy under the Workmen's Compensation Act would fail, if this is found to be his exclusive remedy.

Under these circumstances, it is felt that the cases heretofore decided by our Appellate Court should, in some manner, be distinguished so as to permit an action at common law for wrongful death in the case of one who has no remedy under the compensation Act. However, we have been unable to do so. It seems that this matter should be called to the attention of the Legislature with the hope that such defect might be cured by legislation.

·As indicated, the writer of this opinion, after considerable research and study in an effort to find a way in which the judgment of the trial Court could be logically sustained, has not been able to do so, hence, the judgment below must be reversed and the cause remanded for a trial on the issues as hereinabove indicated.

Reversed and remanded.

Humphreys and Puryear, JJ., concur.