46091. FENSTER v. GULF STATES CERAMIC.

Argued April 5, 1971—Decided June 4, 1971—
Rehearing denied June 22, 1971—Cert. applied for.

*Hugh H. Howell, Jr.,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins,* for appellee.

PANNELL, Judge. A husband sued his wife's employer seeking damages for loss of consortium. The employer denied liability and on motion for summary judgment it was shown that the wife had received compensation for her injuries under the Workmen's Compensation Act of this State. Based upon this fact, the trial judge granted the defendant's motion for summary judgment and the plaintiff husband appealed.

The question here is whether a husband, not dependent upon the wife under *Code* § 114-414 (b), is precluded from recovering for loss of consortium occasioned by injuries received by the wife as a result of the negligent act of the wife's employer where the wife has received compensation for her injuries under the Workmen's Compensation Act, but not under Chapter 8 thereof. *Code* § 114-103 (Section 12 of the Workmen's Compensation Act; Ga. L. 1920, pp. 167, 176) provides: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Act, agreeing respectively to accept and pay compensation on account of personal injury or death, by accident, shall exclude all other rights and remedies *of such employee, his personal representative, parents, dependents or next of kin,* at common law or otherwise, on account of such injury, loss of service, or death." (Emphasis supplied.) There is no express language in this section which excludes a husband from recovery upon a common law action for loss of consortium nor is such exclusion implicit in the language used. A husband is not, by reason of that relationship, next of kin to the wife. *Wetter v. Walker,* 62 Ga. 142 (2). It is insisted, however, by the appellee that the Workmen's Compensation Act, in view of its beneficent purpose and remedial character, is to be so liberally and broadly construed as to effect its general purpose in every instance in which the language is such as to render judicial interpretation necessary (*Jones v. Ga. Cas.Co.,* 30 Ga. App. 207 (117 SE 467); *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786); *Austin Bros. Bridge Co. v. Whitmire,* 31 Ga. App. 560 (121 SE 345)), and that in so construing the Act it must be held that the legislature intended

the Act to release the employer of all liability for any tort from any complainant when the injury sustained by the employee is covered by the Workmen's Compensation Act. Appellee relies upon the following authorities: *Wall v. J. W. Starr & Sons Lumber Co.,* 68 Ga. App. 552 (23 SE2d 452); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587); Danek v. Hommer, 9 N. J. 56 (87 A2d 5); Smither & Co. v. Coles, 242 F2d 220; Napier v. Martin, 194 Tenn. 105 (250 SW2d 35); 2 Larson, Workmen's Compensation, Section 66-20 and cases cited therein. Some of these cases can be distinguished because of the party bringing the common law action or because of the nature of the action. Some of them (foreign cases) cannot be distinguished on either basis. The foreign authorities relied upon, involving a common law action, are based on the so-called broad aspects of, and the liberal construction of, Workmen's Compensation Acts as a whole to arrive at an "intent" of the legislature entirely different from that actually expressed in the very section of the Act designed to list and state the remedies excluded by the operation of the Act, and for this reason we do not consider them even persuasive authority. We have rules of construction applicable, in addition to the liberal construction rule and which rules must also be used and applied in construing our Act. The express language of the Act listing those remedies and actions excluded or prohibited must be held *not to exclude* those remedies or actions by parties not so listed (see *Sherman Stubbs Realty &c. v. American Institute of Marketing Systems,* 117 Ga. App. 829, 831 (162 SE2d 240) and not in privity with the employee and whose right of action is not derivative of the employee's common law cause of action. There is a difference in liberally *construing an Act to give effect to* its "general purpose," and liberally construing an Act to *determine* its "general purpose." All other provisions of the Act, except one which will hereinafter be mentioned, from which it might be implied that causes of actions or actions by certain parties are to be excluded are sections which specifically mention *employer and employee,* and, contrary to some of the foreign authorities relied upon by appellee, we cannot find anything implicit in those sections covering the situation here, or any language to show that the "general purpose" of the Act was to release the employer from liability for his negligence as against

all persons and all causes of action. Further, where there is general language in a statute which might be interpreted as covering a situation, and there is specific language in the statute relating to that situation, the specific language controls over the general language. See *State Revenue Commission v. Alexander,* 54 Ga. App. 295 (187 SE 707). It is our opinion that the language of exclusion expressed in *Code* § 114-103 is plain insofar as the fact that *it does not exclude a common law action by the husband for loss of consortium.* Where a statute is plain, it needs no construction (*Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (2) (25 SE2d 574); *Fulton County Employees Pension Board v. Askea,* 95 Ga. App. 77 (97 SE2d 389), and in construing statutes where the statute "is plain, unambiguous and positive, and is not capable of two constructions, the court is not authorized to construe the Act according to what is *supposed* to be the intention of the legislature. *Floyd County v. Salmon,* 151 Ga. 313, 315 (106 SE 280); *Fidelity & Casualty Co. v. Whitaker,* 172 Ga. 663, 667 (158 SE 416)." (Emphasis supplied.) *Atlanta & W. P. R. Co. v. Wise,* 190 Ga. 254, 255 (9 SE2d 63).

This interpretation is further enforced by another section of the Code (*Code Ann.* § 114-811) enacted in 1946 (Ga. L. 1946, pp. 103, 109, dealing with claims under a new chapter, Chapter 8, Occupational Diseases) which section is entitled "Exclusiveness of Remedy" and which provides in part: "Whenever an employer and employee are subject to the provisions of the Workmen's Compensation Law of Georgia, the liability of the employer *Under this Chapter* shall be exclusive and in place of any and all other civil liability whatsoever at common law or otherwise to such employee or his personal representative, next of kin, *spouse,* parents, guardian *or any others,* on account of disability or death from any disease or injury to health as defined in this Chapter in any way incurred by such employee in the course of or because of his employment." (Emphasis supplied.) To say that the exculsionary provisions of § 114-103 are the same as those in § 114-811 is to totally ignore material differences in language used to express the intent of the legislative body in each instance. This we cannot do. We accordingly hold that the trial court erred in granting the defendant's motion for summary judgment based upon the alleged

exclusive remedies provided by the Workmen's Compensation Act.

There are no rulings by this court contrary to what is here ruled, nor is there anything contrary hereto in a number of the foreign cases relied upon by the appellee. Before distinguishing these cases let us first establish certain preliminary legal principles existing in this State, which will aid in making these distinctions. (a) The right or cause of action for loss of consortium by the husband is independent of the wife's cause of action for the injuries to her person, as his action is for injuries to a "property right." *Hobbs v. Holliman,* 74 Ga. App. 735 (1) (41 SE2d 332). And any recovery or settlement or bar of the wife's action does not necessarily constitute a bar to the husband's right of action for the loss of consortium, as the husband is not a privy of his wife (*Russ Transport, Inc. v. Jones,* 104 Ga. App. 612, 614 (122 SE2d 282)) and his cause of action is not derivative of her cause of action. *Ga. R. & Bkg. Co. v. Tice,* 124 Ga. 459, 461 (52 SE 916, 4 AC 200). (b) The right or cause of action under our death statute is derivative of a cause of action had by the deceased, and a settlement by the deceased, before death, is a bar to the action under the death statute by the beneficiaries. *Southern Bell Tel. &c. Co. v. Cassin,* 111 Ga. 575 (36 SE 881, 50 LRA 694). (c) The cause of action of the husband suing for consortium is (1) not derivative of the wife's cause of action for injuries to her, (2) nor is he in privity with her as to her cause of action, (3) nor is he a beneficiary under the Workmen's Compensation Law.

In *Wall v. J. W. Starr & Sons Lumber Co.,* 68 Ga. App. 552, 556, supra, in an action by a mother for the death of her son, against the son's employer and another, a nonsuit was granted in favor of the employer. The plaintiff appealed and this court held: "The plaintiff alleged, and this allegation was not stricken by amendment, that her son, in riding on the load of lumber, was aiding the defendants at their request and for their benefit, and was their servant and employee to help in the transportation and unloading of the lumber. It follows that any right which the plaintiff may have to recover for the death of her son, *on account of dependency on him for support and contributions by him to her support,* would arise under the workmen's compensation laws and not under the statute giving compensation to the mother for the

death of her child where the defendant is at fault. The court did not err in granting a nonsuit as to the lumber company. The question as to the liability of Goodwin is not presented for determination." (Emphasis supplied.) This holding is correct for two reasons. (1) The mother was a beneficiary under the Workmen's Compensation Act because of the economic dependency, which was also the basis of the common law action brought by her, and (2) the action was brought under our death statute and the cause of action was derivative of that of the employee whose common law right of action against the employer was expressly barred under the Workmen's Compensation Act. In *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, supra, an employee under the Workmen's Compensation Act brought an action against a third party. This defendant brought a third-party action against the employer of the plaintiff seeking contribution in the event of a recovery against him. In determining whether the third-party complaint stated a claim against the employer third-party defendant this court held it did not and in so doing quoted from O'Steen v. Lockheed Aircraft Corp., 294 FSupp. 409, as follows (p. 803): "We come then to the question whether the third-party complaint might be sustained on the theory of contribution; and again it is clear that under Georgia law third-party plaintiff cannot prevail, even under Georgia's amended statute relating to contribution (Georgia Code § 105-2012). This is true because that statute relates only to contribution among 'joint trespassers' (that is, joint tortfeasors), and the proposed third-party defendant cannot be made liable as a joint tortfeasor because it, as employer, has already paid workmen's compensation to the plaintiffs. See *Williams Bros. Lumber Co. v. Meisel*, 85 Ga. App. 72, 74-75. In line with these observations, it appears obvious to the court that what the third-party plaintiff really seeks is to tender the plaintiffs a substitute defendant. This cannot be done for the same reason; that is, having paid compensation for an injury to its employee one time, *the third-party defendant cannot be liable again in tort* (Georgia Code § 114-103) and, moreover, the tender of a substitute defendant would seem to be prohibited by amended Rule 14 itself, which now prohibits third-party complaints where the liability of the proposed third-party defendant, if any, runs only to the original plaintiff rather

than to the third party defendant." (Emphasis supplied.) Appellees rely upon the italicized portion as authority to support their contentions. Properly construed, in connection with the facts upon which it was ruled, this language means "the third-party defendant cannot be liable again in tort to the plaintiff employee." The right of the third-party plaintiff to contributions from the third-party defendant (the employer) was derivative of the right of the original plaintiff (the employee) to recover against the third-party defendant and this right being barred under the terms of the Workmen's Compensation Act, the third-party plaintiff's right is likewise barred.

In Napier v. Martin, 194 Tenn. 105, supra, a wife sued an employer for loss of services and consortium because of injuries sustained by the husband, who had been drawing benefits under the workmen's compensation act of that state. In deciding against the wife (without deciding whether in the absence of a workmen's compensation act the wife had a cause of action, and without deciding whether if she so had, it was derivative or not of the husband's cause of action) the Tennessee court followed a prior decision of that court (McDonald v. Dunn Construction Co., 182 Tenn. 213 (185 SW2d 517)), in which case it was held that a widow's action against the employer for the death of a husband was barred as she was relegated to the benefits under the workmen's compensation act of that state. In following this prior decision, we think that the Tennessee court erred. There is a decided distinction between the right of a person where such person is a beneficiary under the workmen's compensation act, and where such person is not. The Tennessee court failed to recognize this obvious difference, and further ignored the material question as to whether the cause of action of the wife, if any, was derivative of that of the husband which right of the husband was expressly excluded by the Workmen's Compensation Act. We, therefore, do not consider this case as even a persuasive authority. In Danek v. Hommer, 9 N. J. 56, supra, an action by a husband against the employer based upon loss of consortium caused by injuries received by the wife while in the defendant's employ, the New Jersey court used the so-called broad and liberal approach to the interpretation of the statute and also followed cases which, in our

opinion, were distinguishable for reasons already discussed here. There was a dissent in that case by Chief Justice Vanderbilt. In our opinion, the dissent of Chief Justice Vanderbilt, which accords with the views which we have expressed in construing our own statute, sets forth the sounder view. See in this connection Prosser, Law of Torts (3d Ed.), pp. 914, 915. It is our opinion, therefore, that the trial court erred in granting defendant's motion for summary judgment.

In ruling as we have, it is not our intention to express or intimate any opinion as to whether the legislature would have the right and authority to abolish the common law action without, at the same time, enacting in lieu thereof some correlative benefits.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*