26676.   GULF STATES CERAMIC v. FENSTER.

UNDERCOFLER, Justice. This is a certiorari. The Court of Appeals' decision complained of holds, "A husband, not dependent upon the wife under *Code* § 114-414 (b) is not precluded from recovering for loss of consortium occasioned by injuries received by the wife as a result of the negligent act of the wife's employer, even though the wife has received compensation for her injuries under the Workmen's Compensation Act of this State, but not

under Chapter 8 thereof." *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102 (182 SE2d 905). *Held:*

We disagree with the Court of Appeals. The Workmen's Compensation Act provides: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." *Code* § 114-103. The Act also provides that the husband under certain circumstances is conclusively presumed to be the "next of kin." *Code* § 114-414 (b). Construing these two Code sections together, we conclude that the Act includes the husband in the category of "next of kin." Consequently his action for loss of consortium is barred. "[T]he cases with near-unanimity have barred suits by husbands for loss of the wife's services and consortium. . . The principal justification for all these decisions usually lies in the explicit wording of the clause barring any noncompensation liability for damages on account of the injury or death. Even without the additional precaution of a list of third persons barred, the sweeping language used in describing the employer's immunity seems to indicate a legislative intention that is accurately reflected in the majority rule." 2 Larson, Workmen's Compensation Law, § 66.20, p. 152.1. Napier v. Martin, 194 Tenn. 105 (250 SW2d 35) construed almost identical provisions of the Tennessee Workmen's Compensation Act and stated that there was a clear legislative intention to bring the entire family group within its purposes and coverage. In our opinion this is the intention of the Georgia Workmen's Compensation Act and we so hold. See *Wall v. J. W. Starr & Sons Lumber Co.,* 68 Ga. App. 552 (23 SE2d 452). The conclusion of the Court of Appeals to the contrary is erroneous.

402

*Judgment reversed. All the Justices concur, except Felton, J., who dissents.*

ARGUED NOVEMBER 9, 1971—DECIDED DECEMBER 1, 1971.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins,* for appellant.

*Hugh H. Howell, Jr.,* for appellee.

FELTON, Justice, dissenting. I dissent from the majority opinion for the reason that I think that the opinion and judgment of the Court of Appeals are correct in every respect.