### 49019. MIZE v. QUESTOR CORPORATION.

EBERHARDT, Presiding Judge.

1. Since no constitutional attack was made below, or if made none was ruled upon by the trial court with reference to a portion or portions of the Workmen's Compensation Act which are complained of, the attack made on this appeal, for that reason, cannot be considered, and this court has jurisdiction of the appeal. *Wiggins v. City of Macon*, 224 Ga. 603 (163 SE2d 747).

2. Under the rulings made as to alleged negligence of the insurance carrier in making or in failing to make inspections of the working premises in *Mull v. Aetna Cas. & Surety Co.*, 120 Ga. App. 791 (172 SE2d 147); *Mull v. Aetna Cas. & Surety Co.*, 226 Ga. 462 (175 SE2d 552); as to exclusion by the Act of common law remedies against the employer—even as to alleged wilful misconduct—in *Southern Wire & Iron, Inc. v. Fowler*, 217 Ga. 727 (124 SE2d 738); as to a spouse's lack of a claim or right of action for loss of consortium in *Gulf States Ceramic v. Fenster*, 228 Ga. 400 (185 SE2d 801); and as to alleged wilful misconduct and wanton disregard by the employer of dangerous conditions existing in *Yancey v. Green*, 129 Ga. App. 705 (201 SE2d 162), which are dispositive of all issues properly before us for review, the judgments complained of are affirmed.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

ARGUED FEBRUARY 6, 1974 — DECIDED FEBRUARY 25, 1974 — REHEARING DENIED MARCH 18, 1974 —

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes, Neely, Freeman & Hawkins, William*

*Q. Bird,* for appellee.