20596

Marion LOWERY, Respondent, v. The WADE HAMPTON COMPANY, Appellant.

(241 S. E. (2d) 556)

*F. Barron Grier, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for Appellant,*

*Kirby D. Shealy, Jr.,* of *Wise, Wise & Shealy,* Columbia, *for Respondent,*

February 7, 1978.

GREGORY, Justice.

This appeal is from the order of the lower court denying appellant's motion for a judgment on the pleadings. At issue is whether respondent's action against appellant for loss of

consortium is barred by the Workmen's Compensation Law, Section 42-1-540, 1976 Code of Laws of South Carolina. We hold the action is barred and reverse.

A motion for a judgment on the pleadings is in the nature of a demurrer and should be granted when it appears the moving party would be entitled to judgment on the merits without regard to what the findings might be on the facts. *Brown v. United Insurance Company of America,* 268 S. C. 254, 233 S. E. (2d) 298 (1977).

Respondent's wife was injured in an accident arising out of and in the course of her employment with appellant, and she is receiving benefits under this State's Workmen's Compensation Law. Respondent brought this action against appellant for loss of consortium in connection with his wife's accident and resulting injuries.

Appellant moved for a judgment on the pleadings on two grounds: (1) that the complaint states a claim for which no relief can be granted; and (2) that the Industrial Commission has exclusive jurisdiction to hear and determine this claim. Appellant's motion was denied by order of the Honorable Walter J. Bristow, Jr., dated July 14, 1977 and this appeal followed.

The sole question on appeal is stated by the parties as follows:

Does Section 42-1-540 of the 1976 Code of Laws of South Carolina bar a suit by an employee's spouse against the spouse's employer for loss of consortium?

Section 42-1-540, 1976 Code, provides in part:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

The lower court held that the action was not barred by Section 42-1-540 because respondent, as the spouse of the employee, was not "the personal representative of the employee, the parent of the employee, a dependent of the employee, or the next of kin of the employee." Because "spouse" was not specifically listed in Section 42-1-540, the lower court held a spouse's independent cause of action for loss of consortium was outside the Workmen's Compensation Law and thus was not prohibited.

Those persons conclusively presumed to be the dependents of an employee are listed in Section 42-9-110 as "a widow, widower or a child." Prior to a 1972 amendment to the Code, "next of kin" was defined in Section 42-9-140 as including "only the father, mother, widow, child, brother or sister of the deceased." "Next of kin" presently is not defined in this State's Workmen's Compensation Law.

The precise question presently before this Court was considered by the Supreme Court of Georgia in *Gulf States Ceramic v. Fenster,* 228 Ga. 400, 185 S. E. (2d) 801 (1971). Suit was brought by a husband against his wife's employer for loss of consortium occasioned by injuries sustained by his wife in the course of her employment. At the time of the decision in *Fenster,* Georgia Code § 114-103 provided:

The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Georgia Code § 114-414 also provided:

The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee:

\* \* \*

(b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her.

The Georgia Supreme Court stated:

Construing these two Code sections together, we conclude that the [Workmen's Compensation Law] Act includes the husband in the category of "next of kin." Consequently his action for loss of consortium is barred. 185 S. E. (2d) at 801.

Section 42-1-540 is intended to bar all actions against an employer, "at common law or otherwise," arising out of an employee's "injury, loss of service or death." Construing this section together with Section 42-9-110, we agree with the rationale in *Fenster* and hold that a husband is included among those listed in Section 42-1-540. Accordingly, respondent is barred from bringing an action for loss of consortium against his wife's employer.

As reported in Vol. 2A Larson, Workmen's Compensation Law § 66.20 (1976):

. . . [T]he cases with near unanimity have barred suits by husbands for loss of the wife's services and consortium. . . . The principal justification for all these decisions usually lies in the explicit wording of the clause barring any non-compensation liability for damages on account of the injury or death. Even without the additional precaution of a list of third persons barred, the sweeping language used in describing the employer's immunity seems to indicate a legislative intention that is accurately reflected in the majority rule.

The purpose of the Workmen's Compensation Law is to provide an exclusive means of settling all claims for personal injuries arising out of and in the course of an employment relationship. "To allow a common law recovery for loss of consortium merely because such action is not expressly mentioned in the body of the [Workmen's Compensation Law]

Act, would make the liability of the employer uncertain and indeterminate. To so interpret the [Workmen's Compensation Law] Act would defeat the real intent of the Legislature." *Stainbrook v. Johnson County Farm Bureau, Coop. Ass'n,* 125 Ind. App. 487, 122 N. E. (2d) 884 (1954).

The trial judge relied on *Crowder v. Carroll,* 251 S. C. 192, 161 S. E. (2d) 235 (1968) as supportive of his denial of appellant's motion. In *Crowder* we held that Sections 72-121, 72-122, 72-123 and 72-124 of the 1962 Code (Sections 72-121 and 72-122 are presently codified in the 1976 Code as Sections 42-1-540 and 42-1-550; Sections 72-123 and 72-124 were repealed by Act No. 335 of the 1969 Acts of the General Assembly) neither abolished nor assigned to an employer a husband's common law right of action against a third party resulting from injuries to his wife. Our disposition of this case is consistent with the holding in *Crowder,* and the trial's judge reliance to the contrary was misplaced.

Since respondent's cause of action for loss of consortium is barred by Section 42-1-540 appellant would be entitled to a judgment on the merits without regard to what the findings might be on the facts. The lower court's denial of appellant's motion was controlled by an error of law. Accordingly, we reverse.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.