### 68192. PONDER v. SOUTHERN TEA COMPANY.

SOGNIER, Judge.

Verdell Ponder sued Southern Tea Company to recover damages for loss of consortium resulting from a back injury sustained by her husband, Arnee Ponder, while working for Southern Tea Company. Subsequent to the injury, Arnee Ponder and Southern Tea Company entered into a settlement agreement, which was approved by the State Board of Workers' Compensation, whereby Arnee Ponder relinquished all claims arising out of the work accident in exchange for $37,500. The trial court granted Southern Tea Company's motion for summary judgment and Verdell Ponder appeals.

The applicable statute here, OCGA § 34-9-11 (formerly Code Ann § 114-103), provides in pertinent part: "The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; . . ." The exclusiveness of the workers' compensation remedy also applies to the spouse of the injured worker. *Gulf States Ceramic v. Fenster,* 228 Ga. 400 (185 SE2d 801) (1971); *Mize v. Questor Corp.,* 131 Ga. App. 361 (206 SE2d 97)

(1974). Appellant failed to present any evidence to rebut appellee's claim that Ponder's impotence resulted on account of the work related injury. Once the movant for summary judgment has met its burden of piercing the plaintiff's cause of action, the burden is shifted to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain. *Mimms v. Sisk Decorating Co.*, 156 Ga. App. 572, 574 (2) (275 SE2d 148) (1980). Appellant failed to produce any evidence; therefore, the trial court correctly granted appellee's motion for summary judgment.

Appellant's final enumeration of error challenging the application of OCGA § 34-9-11 to her loss of consortium claim has been decided adversely to her. *Gulf States Ceramic*, supra, at 401. See Massey v. Thiokol Chem. Corp., 368 FSupp. 668, 676 (1973).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 4, 1984.

*Larry P. Minin, Alexander J. Repasky*, for appellant.
*Frank J. Klosik, Suzanne S. Barksdale*, for appellee.