33799, 33800. WILLIAMS v. BYRD (two cases).

PER CURIAM.

After injuring her right hand while working as an employee of the Byrd Cookie Company, Mary L. Williams applied for and received benefits under the Georgia Workmen's Compensation Act. Additionally, she and her husband each filed suit against Benjamin T. Byrd, Jr., the president and general manager of the company, whose negligence allegedly caused the injury. Byrd filed motions to dismiss each action, urging that the claims were barred by Code Ann. § 114-103.

Code Ann. § 114-103 provides: "The rights and the remedies herein granted to an employee shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service or death: Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, except employees of the same employer." In response, the Williamses attacked the constitutionality of the 1974 amendment to this statute, Ga. L. 1974, pp. 1143, 1144, which added the last phrase, "except employees of the same employer," on the ground that it violates Georgia's due process clause (Code Ann. § 2-101), and Georgia's equal protection equivalent (Code

Ann. § 2-203). Dennis Williams also argued that even if the statute is not unconstitutional, it does not bar his claim for medical expenses and loss of services and consortium as the injured employee's husband. After hearing, the trial court granted summary judgments to defendant Byrd on his motions in both cases.

We affirm. Code Ann. § 114-103 bars an employee's action for negligence against a fellow employee and it is not unconstitutional for any reason alleged by appellants. See 2A Larson, Workmen's Compensation Law § 72.20 (1976). No case to the contrary has been cited or found. As for the contention that the statute does not bar the husband's cause of action for the negligence of the defendant, this court previously decided this issue adversely to him. *Gulf States Ceramic v. Fenster,* 228 Ga. 400 (185 SE2d 801) (1971), revg. 124 Ga. App. 102 (182 SE2d 905) (1971).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED SEPTEMBER 6, 1978.

*Frank R. Cullum,* for appellants.

*Miller, Beckmann & Simpson, John B. Miller, Luhr G. C. Beckmann, Jr., Lamar W. Davis, Jr.,* for appellee.