## 37893. BARRETT et al. v. CARTER et al.

HILL, Presiding Justice.

Mr. and Mrs. W. C. Barrett, individually and as next of kin of their minor daughter, Rebecca Barrett, filed suit against Chris Carter, McDonald's, Inc., and Tabernacle Christian School. The complaint alleged that on or about June 5, 1976, Rebecca Barrett, a student at Tabernacle Christian School, was on a school outing during which the school bus stopped at a McDonald's restaurant in Forest Park, Georgia. While there, several of the students engaged in an ice-throwing spree. As Rebecca Barrett exited the restaurant, defendant Chris Carter threw a piece of ice which struck Rebecca Barrett in the left eye. Due to this injury to her left eye, Rebecca Barrett has suffered recurrent hemorrhaging, developed a form of glaucoma, and suffered a traumatically induced cataract formation in the lens of her left eye.

Having alleged the foregoing facts, plaintiffs sued Chris Carter for his alleged negligence in throwing the ice, McDonald's, Inc., for failing to exercise ordinary care to prevent injuries to Rebecca in that McDonald's allegedly repeatedly furnished the children involved in the ice-throwing spree with ice and failed to supervise its premises properly, and Tabernacle Christian School for allegedly failing to properly supervise Chris Carter and the other students involved in the ice-throwing spree.

Chris Carter answered and pled as a defense, inter alia, that since he was born on January 18, 1964, at the time of the incident he was 12 years of age which is under the age of criminal responsibility and is therefore immune from liability for the alleged tort. Subsequently, Chris Carter moved for summary judgment on the basis that Georgia law provides immunity from any alleged tort liability to infants under 13. Code Ann. §§ 26-701, 105-1806. The trial court granted his motion for summary judgment and the Barretts filed this appeal.

1. Code Ann. § 105-1806 provides: "Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by this Code for criminal offenses." The present age of criminal responsibility is 13. Code Ann. § 26-701. In Hatch v. O'Neill, 231 Ga. 446 (202 SE2d 44) (1973), we held (with three Justices dissenting) that Code Ann. § 105-1806 provides immunity from suit for tort to a minor under the age of 13. After reviewing that decision and the pertinent statutes and cases, we adhere to the holding in Hatch v. O'Neill. Although Rebecca Barrett's injuries are indeed grievous, to rule otherwise would permit lawsuits between children who fail to exercise due care while at play.

2. The Barretts also contend that Code Ann. § 105-1806, as construed in *Hatch v. O'Neill,* supra, violates the equal protection clauses of the federal and state constitutions. U. S. Const. Amend. XIV (Code Ann. § 1-815); Ga. Const. Art. I, § II, Par. III (Code Ann. § 2-203).

Specifically, the Barretts assert that allowing a defendant to show the negligence of a plaintiff under 13 in defense of a tort suit, *Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736) (1976), while not allowing a plaintiff to show the negligence of a defendant under 13 in pursuit of a tort suit, *Hatch v. O'Neill,* supra, constitutes a denial of equal protection. We do not agree. Both rules serve the public interest. While a defendant under 13 is protected by the one rule, the plaintiff under 13 is not allowed to ignore his or her lack of due care and recover damages from a defendant whose negligence is less than that of the plaintiff. Code § 105-603; 8 EGL, Damages § 111 (1978). Plaintiffs and defendants may be classified separately and treated differently for equal protection consideration.

Moreover the United States Supreme Court has recognized that "Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. Maryland, 366 U. S. 420, 425-26 (81 SC 1101, 6 LE2d 393) (1961).

Although arguments can be made that infants should be provided a defense to tort liability rather than immunity from it, see Rest. Torts 2d § 283A, or that immunity, if provided, should extend only to infants of a far more tender age than 12, id., comment b (4 years of age), these arguments address themselves to the General Assembly. Code Ann. § 105-1806 reflects the legislature's determination that infants under the age of 13 are not liable in tort for their actions. While the wisdom of this determination may be debatable, it does not violate equal protection.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only, and Smith and Gregory, JJ., who dissent.*

DECIDED NOVEMBER 6, 1981.

*C. Lawrence Jewett,* for appellants.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Guerry R. Moore, Sherie Bell Christy, Melvin White, Edward J. Bauer,* for appellees.