### 41466. HENDERSON v. HERCULES, INC. et al.
#### (324 SE2d 453)

WELTNER, Justice.

The issue on appeal is whether OCGA § 34-9-11 conflicts with the Constitution of Georgia of 1976, Art. I, Sec. I, Par. XXIV, insofar as it purports to bar a wife's cause of action against her husband's employer for loss of consortium.

OCGA § 34-9-11 is the exclusive remedy provision of the Workers' Compensation Act, supplanting the common law with an absolute liability of an employer, and fixed entitlements for an employee and "his personal representative, parents, dependents, or next of kin, at common law or otherwise." The legislative intent of the statute was to bring the entire family group within its coverage. *Gulf States Ceramic v. Fenster,* 228 Ga. 400 (185 SE2d 801) (1971). Therefore, if a wife's injury is covered by workers' compensation, her husband's common law action for loss of consortium is barred. *Williams v. Byrd,* 242 Ga. 80 (247 SE2d 874) (1978).

At common law, a wife had no claim for loss of consortium. That right was first recognized in *Brown v. Ga.-Tenn. Coaches,* 88 Ga. App. 519 (77 SE2d 24) (1953), after the passage of the Workers' Compensation Act. The right of the wife is not absolute, however. " 'One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other. . . .

Since appellees are not liable for injuries to appellant, they are not liable to appellant's wife for loss of consortium attributable to those injuries.'" *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568, 570 (246 SE2d 708) (1978).

Here, the husband has no tort claim against his employer because he is covered by the Act, and his wife has no claim for loss of consortium, which is derivative from his right. Her property right could only vest if his cause of action be vested, which, of course, it is not. The claim of constitutional deprivation is without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JANUARY 7, 1985.

*Robert M. Goldberg,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, Drew, Eckl & Farnham, B. Holland Pritchard,* for appellees.