**Harold WILKINS, et al., Plaintiffs,**

v.

**Gale SWIFT, Defendant.**

**No. EC84–253–LS–D.**

United States District Court,
N.D. Mississippi, E.D.

April 5, 1985.

---

**124**

T. Robert Hill, Hill, Boren & Strickland, P.C., Jackson, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel, Charles W. Van Beke, Asst. Gen. Counsel,

D. Mark Hastings, Ralph E. Rodgers, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## OPINION

SENTER, Chief Judge.

This personal injury action arises from an injury incurred by Plaintiff Harold Wilkins, a Tennessee Valley Authority (hereinafter TVA) employee, on March 20, 1979, while a passenger in a TVA vehicle. The accident occurred while the vehicle was being driven on an electric power transmission line access road near Burnsville, Mississippi, by Defendant Gale Swift, plaintiff's immediate supervisor. At the time of the accident, plaintiff was performing his duties as a TVA groundman. Plaintiff subsequently applied for and was awarded compensation for his injury under the Federal Employee's Compensation Act (hereinafter FECA), 5 U.S.C. §§ 8101, et seq. (1982).

Thereafter, plaintiff instituted the present action against Defendant Swift in the Circuit Court of Tishomingo County, Mississippi. The action was subsequently removed to this court pursuant to 28 U.S.C. § 1442(a)(1). Defendant then filed the motion for summary judgment presently before this court. Defendant asserts that summary judgment is appropriate because as a matter of Mississippi law, plaintiff's receipt of benefits under the FECA bars this action. Having fully considered the memoranda submitted by the parties and being otherwise fully advised in the premises, the court is now in a position to address the merits of defendant's motion.

A threshold issue which must be addressed by the court is whether federal or state laws control an action removed from state court pursuant to 28 U.S.C. § 1442. Section 1442(a)(1) grants to federal officers who face litigation in state court as a result of actions taken in the course of their official duties a right of removal to federal court. However, the consequences of removal are circumscribed by the scope

of the jurisdiction granted the federal courts by section 1442(a)(1). *See City of Aurora v. Erwin,* 706 F.2d 295 (10th Cir. 1983). In *Arizona v. Manypenny,* 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981),[1] the Supreme Court explained that section 1442(a)(1) is intended to provide a forum free from local interests and prejudice in which a federal officer can assert immunity defenses based on official conduct. 451 U.S. at 241–42, 101 S.Ct. at 1664–65, 68 L.Ed.2d at 68. Invocation of removal jurisdiction by a federal officer, according to the Court, merely provides an impartial federal forum. It does not revise or alter the underlying law to be applied. 451 U.S. at 242, 101 S.Ct. at 1664, 68 L.Ed.2d at 69. "Thus, a federal court exercising jurisdiction under section 1442(a)(1) serves as an alternative forum in a manner roughly analogous to its role in diversity cases, applying state law through the mechanism of its own procedural rules." (Footnote omitted.) *Erwin,* 706 F.2d at 297. It follows that in the action *sub judice,* all matters of a substantive nature are controlled by state law. The question regarding the effect of the payments received by plaintiff under the FECA is clearly substantive in nature. As a result, state law is controlling on this point.

### FECA BENEFITS AS A BAR TO PLAINTIFF'S ACTION

It is well settled that the Mississippi Workmen's Compensation Law supplants the Mississippi common law remedies which an injured employee would otherwise have against his employer and/or co-employees. Thus, under Mississippi law,

when an employee receives workmen's compensation benefits for an injury which occurred in Mississippi, his or her employer and co-employees are immune from tort liability. *Brown v. Estess,* 374 So.2d 241, 242 (Miss.1979); *McCluskey v. Thompson,* 363 So.2d 256, 264 (Miss.1978). This result follows logically from the fact that:

> Workmen's compensation laws are in derogation of the common law in that they replace traditional negligence actions for a no-fault system of payment to employees and their families for job-related injuries. By the exchange, the remedy of workmen's compensation benefits, insofar as the rights of the employee against certain classes of persons are concerned, is exclusive and the common law remedy is abrogated.

*Doubleday v. Boyd Construction Co.,* 418 So.2d 823, 825 (Miss.1982).

In the action *sub judice,* defendant contends that plaintiff's receipt of FECA benefits is the equivalent of the payment of Mississippi Workmen's Compensation benefits. Thus, according to defendant, plaintiff's action against defendant, a co-employee, is barred under Mississippi law.[2] Plaintiff, on the other hand, contends that FECA benefits are not equivalent to benefits under the Mississippi Workmen's Compensation Act. MISS.CODE ANN. §§ 71–3–5, *et seq.* Thus, according to plaintiff, since FECA benefits do not come within the coverage of the Mississippi Workmen's Compensation Act and no other law in Mississippi prevents a person receiving FECA benefits from suing a co-employee for negligence, Mississippi law poses no bar to the present action.[3]

---

**1.** *Manypenny* addressed the question in the context of a criminal prosecution removed to federal court pursuant to 28 U.S.C. § 1442(a)(1). No case has been found which addresses this question in the civil arena. However, the court is of the opinion that the reasoning applied by the Court in *Manypenny* is equally applicable to civil actions removed to federal court pursuant to 28 U.S.C. § 1442(a)(1).

**2.** The defendant cites several cases wherein suits brought under the Federal Tort Claims Act were held to be barred by state workmen's compensation statutes. *See Giannuzzi v. Doninger*

*Metal Products,* 585 F.Supp. 1306 (W.D.Pa.1984); *In re All Maine Asbestos Litigation,* 589 F.Supp. 1571 (D.Me.1984). Although these cases are analogous to the situation presented in the action *sub judice,* they are clearly not controlling.

**3.** Plaintiff also asserts that the FECA does not bar co-employee suits. This has never been made an issue by defendant. Furthermore, it is well established in this circuit that the FECA poses no bar to such an action. *Allman v. Hanley,* 302 F.2d 559 (5th Cir.1962).

The Mississippi Supreme Court has repeatedly held that "any construction given to the workmen's compensation act must be sensible as well as liberal," and "the intent of the legislature must be determined by the total language of the statute and not from a segment considered apart from the remainder." *Doubleday v. Boyd Construction Co.*, 418 So.2d 823, 826 (Miss.1982), (quoting *McCluskey v. Thompson*, 363 So.2d 256, 259 (Miss.1978)). Furthermore, the Act and decisions interpreting it are to be applied with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the statute are involved. *Stubbs v. Green Brothers Gravel Co., Inc.*, 206 So.2d 323, 325 (Miss.1968).

■ As previously stated, the Mississippi Workmen's Compensation Act was intended to provide workers with a no-fault compensation system for work related injuries. The FECA is clearly similar in purpose for it provides employees of the federal government with a no-fault system of compensation for work related injuries. The receipt of FECA thus clearly comports with the public policy expressed by the Mississippi Workmen's Compensation Act. The Mississippi Supreme Court has consistently stated that those cases which fall within that public policy must be decided in accordance with it, regardless of whether the specific statutory rules are themselves directly applicable. *Brown v. Estess*, 374 So.2d 241 (Miss.1979); *McCluskey v. Thompson*, 363 So.2d 256 (Miss.1978). Thus, in the action *sub judice*, the fact that the benefits received by plaintiff were paid under the FECA is of no import. The FECA is the government's answer to workmen's compensation and embodies a policy similar to that of the state workmen's compensation law. Additionally, the status of the federal government and/or TVA under the FECA is clearly analogous to that of a compensation paying employer under the Mississippi Workmen's Compensation Act.[4] Furthermore, the payments received by the employee under the FECA serve the same purpose as do payments under the Mississippi Act—providing more immediate no-fault payments for work related injuries. As a result, FECA clearly complies with the public policy expressed by the Mississippi Workmen's Compensation Law. Thus, in conformity with that policy and the decisions interpreting that policy, the immunity accorded to employers and co-employees by that public policy are equally applicable to persons receiving benefits under the FECA, even though the specific statutory rules are not themselves directly applicable.

In the action *sub judice*, plaintiff's receipt of benefits under the FECA bars the present action against defendant, a co-employee, as a matter of Mississippi law. As a result, no genuine issues of material fact having been found to exist for resolution at a trial of this matter, defendant is entitled to summary judgment as a matter of law.

An order in conformity with this opinion shall issue.

---

4. The Mississippi Workmen's Compensation Act does not include either the federal government or the TVA in its definition of employer, nor could it, for a state has no power to require the federal government, or its agencies, to participate in a workmen's compensation program. However, the Act does not exclude the federal government or its agencies from the coverage of the Act. *See* MISS.CODE ANN. §§ 71–3–3 (1984, as amended); 71–3–5 (1983, as amended). The sole employers specifically excluded under the Act are transportation and maritime employments for which a rule of liability is provided by the laws of the United States. *See* MISS. CODE ANN. § 71–3–5.