Gary Wayne ANDREWS,
Plaintiff–Appellee,

v.

Joe N. BENSON, Defendant,

James Carden; Ralph Jarrell; and Ernest Adcox, Jr.,
Defendants–Appellants.

No. 86–7049.

United States Court of Appeals,
Eleventh Circuit.

April 21, 1988.

Herbert S. Sanger, Jr., General Counsel, TVA, Knoxville, Tenn., James E. Fox, Brent R. Marquand, James G. Touhey, Jr., Edwin W. Small, for defendants-appellants.

Richard A. Olderman, Barbara L. Herwig, Dept. of Justice, Civil Div., Appellate Section, Washington, D.C., for U.S., amicus curiae.

Roger L. Lucas, Emond & Vines, Birmingham, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON, Circuit Judges, and MORGAN *, Senior Circuit Judge.

---

\* Senior U.S. Circuit Judge Lewis R. Morgan has elected to participate in further proceedings in this matter pursuant to to 28 U.S.C. § 46(c).

ON SUA SPONTE RECONSIDERATION

BY THE COURT:

Affirming a judgment for plaintiff against co-employees at Tennessee Valley Authority for negligence causing plaintiff's on-the-job injury, a panel of the Court followed the prior law of this Circuit and held the doctrine of official immunity exempts a Government employee from liability for common law torts only if the challenged conduct is within the outer perimeter of the employee's line of duty *and* is a discretionary act. *Andrews v. Benson,* 809 F.2d 1537 (11th Cir.1985).

The case was ordered to be reheard *in banc* on May 11, 1987 to consider whether such immunity was available only if the conduct was discretionary. That order vacated the panel opinion. *Andrews v. Benson,* 817 F.2d 1471 (11th Cir.1987). Oral argument was set for the week of October 19, 1987. The case was subsequently removed from the oral argument calendar to await the Supreme Court's disposition of *Westfall v. Erwin,* — U.S. —, 107 S.Ct. 1346, 94 L.Ed.2d 517 (1987) (*cert. granted*).

The Supreme Court in *Westfall v. Erwin,* — U.S. —, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), has now held that official immunity from state-law tort actions is only available when the conduct of federal officials is within the scope of their official duties *and* the conduct is discretionary in nature. This holding expressly affirmed the standard applied by the panel in *Andrews v. Benson,* 809 F.2d 1537 (11th Cir.1987). *See also Erwin v. Westfall,* 785 F.2d 1551 (11th Cir.1986); *Franks v. Bolden,* 774 F.2d 1552 (11th Cir.1985); *Johns v. Pettibone,* 769 F.2d 724 (11th Cir.1985).

Since the issue on which the application for rehearing *in banc* was granted has been decided by the Supreme Court, reconsideration of the panel opinion on this issue by the *in banc* Court is no longer necessary. It is therefore

ORDERED that the order entered May 11, 1987 granting a rehearing *in banc* in this appeal is VACATED, and the panel

opinion filed February 17, 1987, *Andrews v. Benson,* 809 F.2d 1537 (11th Cir.1987), is REINSTATED. The mandate shall issue forthwith. *See United States v. Chemaly,* 764 F.2d 747 (11th Cir.1985) (*in banc*).