Helen C. LOWER, et al., Plaintiffs,

v.

Daniel COOK, et al., Defendants.

Civ. A. No. 88–36–3–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 10, 1988.

Paul L. Cames, Warner Robins, Ga., for plaintiffs.

Frank L. Butler, III, Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Pending before the court is a motion to dismiss filed by defendants Daniel Cook, O.W. Bentley, Emory Duckworth, and Garth Hinckley. At issue in this case is whether plaintiff Helen C. Lower can sue a fellow employee for certain acts of alleged negligence that occurred while working as an employee of the United States government. The government has alleged a number of reasons why Ms. Lower may not maintain this cause of action, and after reviewing these defenses, the court makes the following rulings.

### Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that this court must dismiss a plaintiff's complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining whether to grant a Rule 12(b)(6) motion, this court may consider the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See* Wright & Miller, *Federal Practice and Procedure,* § 1357, 593 (1969). Finally, for purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Id.* at 594. *See also Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981).

### Factual Allegations Taken as True

Applying the law just cited, the court takes the allegations stated in Ms. Lower's

complaint as true. Her complaint, thus, shows: (1) that Ms. Lower was employed as a electronic mechanic at Robins Air Force Base in Houston County, Georgia; (2) that while employed and working at Robins Air Force Base she sustained an injury to her back; (3) that this injury resulted from her being frightened by a toy snake left at her desk; (4) that certain co-employees, which may include the named defendants, were either responsible for putting the toy snake in her work area, or failed to take action to prevent the toy snake from being used; and (5) that Ms. Lower has filed and is recovering benefits under the Federal Employees Compensation Act (FECA) for these alleged injuries.

### The Effect of FECA

■ It is undisputed in this case that Ms. Lower has received under FECA, 5 U.S.C. § 8101, et seq., compensation for the same injuries that she now alleges in the instant action. FECA is a comprehensive scheme for federal workers to receive compensation for injuries that arise out of and in the course of their employment. By accepting payments under FECA, federal employees are precluded from going against the United States under the Federal Tort Claims Act. *See Gill v. United States*, 641 F.2d 195, 197 (5th Cir. Unit A Feb. 1981). The government contends that FECA should not only bar Ms. Lower's suit against the government, but that, under federal law, it should also bar absolutely claims against government employees who may have been negligent in causing the injuries to the employee. While there is logic in the government's position, this court is bound by the precedent in this circuit. *See Andrews v. Benson*, 809 F.2d 1537 (11th Cir. 1987), *vacated* and *reh'g granted*, 817 F.2d 1471 (11th Cir.1987), *reh'g vacated* and panel opinion *reinstated*, 845 F.2d 255 (11th Cir.1988); and *Heathcoat v. Potts*, 790 F.2d 1540 (11th Cir.1986). This is not to say, however, that FECA is entirely without effect in all lawsuits involving actions against co-employees.

■ As the decision in *Andrews* makes clear, the legal duties an employee owes to one's co-employee is determined by state law. *Andrews*, 809 F.2d at 1540. Since Ms. Lower's alleged injuries occurred in Georgia, the law of Georgia controls. Under Georgia law, employees that receive benefits under the state worker's compensation statute are precluded from bringing an action against either his/her employer or any of his/her co-employees. *See O.C. G.A.* § 34–9–11 (Michie 1983); *Williams v. Byrd*, 242 Ga. 80, 247 S.E.2d 874 (1978). The question the court must decide, then, is whether an employee of the federal government, who receives the benefit of the federal worker's compensation laws, may bring an action based upon state law against a co-employee despite the fact that a similar state employee would be barred from bringing such a suit.

In a case involving the identical issue, *Wilkins v. Swift*, 616 F.Supp. 123 (D.C. Miss.1985), a federal district court found that to allow such a suit would be contrary to the state's interest in encouraging employers to provide workmen's compensation benefits to its employees. In *Wilkins*, the district court held that FECA's system of providing workers with no-fault compensation for work related injuries was clearly similar in purpose to the one expressed in the Mississippi Workmen's Compensation Act. The court held that payments under FECA, by providing more immediate no-fault payments for work-related injuries, granted the same protection to federal employees as that provided by the state workmen's compensation act. Under these circumstances the court found that the immunity accorded to employers and co-employers by the Mississippi Workmen's Compensation Act was applicable to persons receiving benefits under FECA. *Id.* at 126.

■ After reviewing the *Wilkins* decision, the court finds that the reasoning therein is sound and that a federal employee receiving benefits under FECA would be barred under Georgia law from maintaining an action against a fellow employee. Once the United States provided worker's compensation benefits to plaintiff, she was entitled to receive the same type of benefits that were statutorily mandated to be

provided all employees covered by the state worker's compensation laws. The mere fact that the State of Georgia may not constitutionally require the United States to comply with its own state worker's compensation laws does not mean that the state cannot recognize that FECA provides essentially the same rights as the state worker's compensation law, and that, accordingly, the same rights should be conferred upon employers that comply with FECA as that provided to employers complying with the state compensation system. The court, therefore, finds that Georgia law would provide immunity to defendants herein, and that plaintiff Helen Lower's receipt of FECA benefits bars her claim as a matter of law. Ms. Lower's claims, being contingent upon Ms. Lower's action, must also fail as a matter of law. Defendants' motion to dismiss is hereby GRANTED and plaintiffs' complaint is DISMISSED in its entirety.[1]

SO ORDERED.

---

1.  Because of the ruling today, the court finds that it need not address defendants' remaining contentions as to why plaintiffs' claims are barred as a matter of law.