S91A0372. SMITH et al. v. GORTMAN.
(403 SE2d 41)

HUNT, Justice.

This case presents a constitutional challenge to the workers' compensation exclusive remedy, OCGA § 34-9-11, as applied to wrongful death actions against fellow servants. The decedent was killed while he and Gortman were in their employer's truck on the way to a job in Florida. The decedent's parents brought this wrongful death action against Gortman who was driving the truck. The trial court granted summary judgment to Gortman on the ground that the plaintiffs' claims were barred by OCGA § 34-9-11.[1]

The plaintiffs' argument that the workers' compensation exclusive remedy provision violates equal protection in this case was decided adversely to them in *Williams v. Byrd,* 242 Ga. 80 (247 SE2d 874) (1978). They seek, however, to distinguish *Williams* because it did not involve a death claim. They argue that our recent case of *Jones v. Jones,* 259 Ga. 49 (376 SE2d 674) (1989), requires a different result. We disagree. In *Jones* we held that the interspousal immunity

---

[1] OCGA § 34-9-11 provides, in pertinent part:

The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits. . . .

doctrine when applied to wrongful death actions violates equal protection. We applied the rational basis test to the equal protection challenge, and decided there was no rational basis for disparate treatment of the two classifications of wrongful death claimants created by the interspousal immunity doctrine: those whose decedent died as a result of the actionable conduct of his or her spouse and those whose decedent died as the result of the actionable conduct of some other person.

However, we have no difficulty finding a rational basis in support of the disparate treatment of the two classifications of wrongful death claimants created by the workers' compensation exclusive remedy provision: those whose decedents died as the result of the negligence of their employer or co-employee, and those whose decedents died as the result of the negligence of some other party. A primary purpose of our workers' compensation law is to enable an employee to recover payment from his employer for his injuries on the job without regard to issues of negligence or assumption of risk, thus assuring the employee of some compensation for the injury, and, on the other hand, assuring the employer that his liability will be limited. *Karimi v. Crowley*, 172 Ga. App. 761 (324 SE2d 583) (1984). This policy is served equally whether the employee is injured or killed.[2] The exclusive remedy provision of the workers' compensation law, by its express terms, applies in either case, "supplanting the common law with an absolute liability of an employer, and fixed entitlements for an employee and 'his personal representative, parents, dependents, or next of kin, at common law or otherwise.' " *Henderson v. Hercules*, 253 Ga. 685 (324 SE2d 453) (1985). We find no merit to plaintiffs' remaining enumerations.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 11, 1991 —
RECONSIDERATION DENIED MAY 9, 1991.

*Beauchamp & Associates, Kermit S. Dorough, Jr.,* for appellants.
*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman,* for appellee.

---

[2] The employer's obligation to pay benefits in the event of the employee's death is set forth in OCGA § 34-9-265.