S91A1171. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al. v. JOSEPH CAMPBELL COMPANY et al.

(411 SE2d 871)

FLETCHER, Justice.

The Georgia Department of Human Resources (DHR) seeks indemnity and contribution from Joseph Campbell Company (Campbell) in this negligence action which a Campbell employee brought against DHR for work-related injuries. DHR argues that the immunity provided employers by OCGA § 34-9-11 of the workers' compensation act should not apply when a passive tortfeasor has a claim for implied indemnity against an employer whose active negligence primarily caused the employee's injuries. The trial court granted Campbell summary judgment on DHR's third-party complaint. DHR appeals and we affirm.

In 1981 a Campbell maintenance employee rewired a fluoroscopic machine used to detect bone fragments in chickens and eliminated the dual interlock safety system that state regulations and company policy required.[1] The factory's quality control manager approved the use of the machine with a single door interlock system. In 1984 a DHR inspector reviewed Campbell's x-ray equipment for radiation safety and found no violations of state regulations. In 1985 the door interlock switch failed, exposing Barbara Jean Gibson to radiation when she opened the door of the machine. She suffered radiation burns on her hands for which she received workers' compensation benefits from Campbell.

Gibson sued DHR and its inspector for negligent inspection. DHR filed its third-party complaint, alleging that Campbell's intentional violation of state regulations entitled DHR to contribution and indemnity. The trial court held Campbell was immune from liability based on its payment of workers' compensation benefits to Gibson.

1. Workers' compensation is the exclusive remedy of employees

---

[1] A fluoroscope is an instrument used to observe the internal structure of opaque objects, such as a body part, by the shadow that the object casts when placed between a source of x-rays and a fluorescent screen. Webster's Third New Intl. Dictionary 878 (1961).

against employers for work-related injuries. See OCGA § 34-9-11.[2] Because of this statute, an employer cannot be held liable as a joint tortfeasor with a third party, even when the employer's negligence contributes to the employee's injuries. *Williams Bros. Lumber Co. v. Meisel*, 85 Ga. App. 72 (68 SE2d 384) (1951). Thus, an employer who pays workers' compensation benefits to an employee is immune from liability as a third-party defendant in the employee's tort action. *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 92 (303 SE2d 108) (1983). Having paid workers' compensation benefits to Gibson, Campbell is shielded from tort liability for Gibson's work-related injury to her hands. DHR cannot sue Campbell for contribution as a joint tortfeasor.

2. Acknowledging that Campbell did not give an express contract of indemnity,[3] DHR urges this court to permit a claim of implied indemnity against Campbell as a joint tortfeasor. We decline, however, to impose an obligation of implied indemnity on an employer covered under the workers' compensation statute. Instead, we hold that a passive tortfeasor may not bring a claim for implied indemnity against an employer who pays workers' compensation benefits, even when the employer's active negligence is primarily responsible for an employee's injuries. This holding follows the law in most states.

[T]he great majority of cases hold that, when the relation between the parties does not spring from a contract or special position such as bailee or lessee, the third party cannot recover indemnity from the employer, since an active or primary wrongdoer does not have an implied obligation, capable of penetrating the exclusiveness rule of workmen's compensation law, to indemnify a passive or secondary tortfeasor.

2 A. Larson, Workmen's Compensation (MB) § 76.20 (Desk ed. 1990).

3. We also reject DHR's argument that the immunity granted employers in the workers' compensation act violates the due process and equal protection provisions of the State and Federal constitu-

---

[2] OCGA § 34-9-11 provides:
    The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee.
    [3] The workers' compensation act does not bar a defendant from enforcing a contractual right of indemnity against an employer who has paid workers' compensation benefits to an injured employee. *Seaboard CLR Co. v. Maverick Materials*, 167 Ga. App. 160, 163 (305 SE2d 810) (1983); see *General Tel. Co. v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984).

tions. See *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985); *Williams v. Byrd*, 242 Ga. 80 (247 SE2d 874) (1978). Accordingly, we affirm the trial court's grant of summary judgment to Campbell on DHR's third-party complaint.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED JANUARY 17, 1992.

*Michael J. Bowers, Attorney General, Mary F. Russell, Assistant Attorney General, Hicks, Maloof & Campbell, Bruce M. Edenfield,* for appellants.

*Farrar, Hennesy & Edwards, Curtis Farrar, Jr., Bruce B. Edwards, Whitehurst & Frick, Elaine W. Whitehurst, Booth, Wade & Campbell, Scott A. Wharton,* for appellees.