S91A1664. HORTON v. HINELY et al.
S91A1666. HORTON v. PROUDFOOT.
S91A1667. HORTON v. HINELY.
(413 SE2d 199)

FLETCHER, Justice.

This appeal presents the issue whether children under 13 years of age are immune from suits in tort under Georgia law. Adhering to our previous decisions that they are immune under OCGA § 51-11-6, we affirm.

The seven-year-old son of Sandra Horton suffered third-and fourth-degree burns over 60 percent of his body from burning gasoline. Horton, as guardian and next friend, brought a personal injury action against Johnny Hinely and Clint Proudfoot, two nine-year-old boys who allegedly set the gasoline can on fire. Both Hinely and Proudfoot moved to dismiss on the ground that they were minors under the age of 13 and therefore were immune from liability in any tort action. The trial court granted the minor defendants' motions to

dismiss and Horton appealed. The Court of Appeals transferred the case to this court because of Horton's constitutional argument.

1. OCGA § 51-11-6 provides: "Infancy is no defense to a tort action so long as the defendant has reached the age of discretion and accountability prescribed by Code Section 16-3-1 for criminal offenses." The minimum age of criminal responsibility is 13. OCGA § 16-3-1. Horton presents a well-reasoned argument that OCGA § 51-11-6 does not create immunity from a lawsuit for a minor under age 13, but merely eliminates the tort defense of infancy for a minor over that age. She contends that the statute adopted the common law approach to accountability of minors. Under the common law, a fact question was created concerning the capability and accountability of an individual child between ages 7 and 13.

This court, however, has previously considered and rejected a similar argument. See *Hatch v. O'Neill*, 231 Ga. 446, 448 (202 SE2d 44) (1973); id. at 449-454 (Ingram, J., dissenting). In *Hatch*, this court held the statute means a minor under 13 is immune from suit for tort. Id. at 448 (adopting the holding in *Brady v. Lewless*, 124 Ga. App. 858 (186 SE2d 310) (1971)). We later adhered to our decision in *Hatch*, noting that OCGA § 51-11-6 "reflects the legislature's determination that infants under the age of 13 are not liable in tort for their actions." *Barrett v. Carter*, 248 Ga. 389, 390 (283 SE2d 609) (1981).

Although we acknowledge that many states, the Restatement (Second) of Torts, and Professor Prosser, reject giving absolute tort immunity to minors between the ages of 7 and 13, we choose not to overturn our previous decisions. As Justice Hill wrote in *Barrett*, the arguments

> that infants should be provided a defense to tort liability rather than immunity from it . . . or that immunity, if provided, should extend only to infants of a far more tender age than 12 . . . address themselves to the General Assembly.

*Barrett*, 248 Ga. at 390. Having had nearly 20 years since *Hatch* and more than 10 years since *Barrett* to change the statute, the General Assembly has chosen not to do so.

2. Horton also contends that OCGA § 51-11-6 as interpreted by this court violates the 1983 Georgia Constitution. See Ga. Const., Art. I, Sec. I, Par. II. This court in *Barrett* held that the statute did not violate the equal protection clause of either the Federal or State constitutions. *Barrett*, 248 Ga. at 390. Nothing in the 1983 Constitution's equal protection clause causes us to alter our prior decision. We therefore decline to accept Horton's invitation to interpret OCGA § 51-11-6 to provide only a defense of infancy to children under 13 and

unanimously reaffirm our decisions in *Hatch* and *Barrett*.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 13, 1992.

*John M. Cullum, Davis, Gregory & Christy, Hardy Gregory, Jr.,* for appellant.

*Beckmann & Pinson, William H. Pinson, Joseph H. Barrow, Jones, Boykin & Associates, Gilbert L. Stacy, Barrow, Sims, Morrow & Lee, A. Mark Lee, Forbes & Bowman, Morton G. Forbes, Catherine M. Bowman, Johnny A. Foster,* for appellees.