A92A1411. ROBINSON v. ROBERTS et al.
(423 SE2d 17)

McMURRAY, Presiding Judge.

Plaintiff Nettie Freeman, individually and as next friend of her minor child ("plaintiff child"), brought an action against Leviticus Roberts and Paul Miller (defendants), alleging that the child was a student at M. L. King, Jr. Middle School ("the school") during the 1985-1986 school year; that defendant Miller was then a teacher at the school and that defendant Roberts was then principal of the school. Plaintiffs further alleged that defendant Miller was responsible for supervising and directing a school-sponsored performing arts group ("the group"); that the plaintiff child was a member of the group and that defendant Miller sexually molested the child while the group was on off-campus field trips. Plaintiffs alleged that defendant Roberts was negligent in performing his duty as school principal, failing to investigate reports that defendant Miller had sexually molested other students at the school and allowing defendant Miller to arrange off-campus performances of the group in violation of school policy and procedure.

The case was tried before a jury and the evidence revealed that defendant Miller sexually molested the 13-year-old child while serving as a teacher at the school and supervising the group's off-campus field trips. The evidence also revealed that defendant Roberts was the principal of the school when the child was sexually molested by defendant Miller; that he received reports that defendant Miller had sexually molested other students before the child was molested and that he was aware that defendant Miller was transporting the group on field trips in his personal vehicle in violation of school policy and procedure.

The jury returned a verdict against defendant Miller in the amount of $8,580 and a verdict in favor of defendant Roberts as to plaintiffs' claims. This appeal is by the plaintiff child from the judgment entered on the verdict in favor of defendant Roberts. *Held*:

The plaintiff child contends the trial court erred in failing to give the following request to charge: "I charge you that a child under fourteen (14) years of age is legally incapable of consenting to sexual intercourse. If the act of having sexual intercourse is committed by an adult with a child who is under fourteen (14) years of age, the law conclusively presumes that the child was incapable of consenting. Likewise, it would be immaterial that the adult did or did not use force."

" 'A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. (Cit.)' *Keno v. Alside, Inc.*, 148 Ga. App. 549, 553-554 (5) (251 SE2d 793) (1978)." *Concrete Constr. Co. v. City of Atlanta*, 176 Ga. App. 873, 875 (4a), 876 (339 SE2d 266). In the case sub judice, the plaintiff child argues that the above charge is relevant to rebut defendant Roberts' claims of contributory negligence and assumption of the risk. More specifically, plaintiff child reasons that a child's inability to consent to sexual intercourse is relevant to his ability to appreciate the dangers of associating with defendant Miller. We do not agree.

A charge on the inability of a child under 14 years of age to consent to sexual intercourse may be relevant in cases involving a child's ability to consent to criminal acts (*Drake v. State*, 239 Ga. 232 (1) (236 SE2d 748)), but it is not relevant in cases involving a 13-year-old child's ability to appreciate dangers of his environment and to avoid consequences associated with exposure to such dangers. See *Horton v. Hinely*, 261 Ga. 863, 864 (1) (413 SE2d 199). Under such circumstances, the matter of a child's ability to appreciate dangers of the environment is "ordinarily left as a question of fact for the jury rather than as a matter of law for the court." *Harvey Freeman & Sons v. Stanley*, 259 Ga. 233, 234 (3), 235 (378 SE2d 857). Consequently, the trial court did not err in failing to give plaintiff's request to charge.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

Decided September 14, 1992 —
Reconsideration denied September 30, 1992 — 

*Nations, Yates & Freeman, J. Comer Yates, Herald J. A. Alexander*, for appellant.

*Mark Harper, Arnold J. Wright, Jr., Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington*, for appellees.

