S98A0822. WARDEN et al. v. HOAR CONSTRUCTION COMPANY.
(507 SE2d 428)

FLETCHER, Presiding Justice.

Billie Jo Warden filed this wrongful death action against Hoar Construction Company for the death of her husband. The trial court ruled that Hoar was immune from tort liability as a statutory employer under the Workers' Compensation Act and granted summary judgment to it. Warden asks us to overturn the holding in *Wright Associates v. Rieder*[1] that an employee of a subcontractor cannot bring a tort action against a general contractor who is liable to pay workers' compensation benefits as a statutory employer. Because the legislature has not eliminated the tort immunity of statutory employers despite amending the Workers' Compensation Act several times since our 1981 decision in *Rieder*, we adhere to that opinion and affirm.

Leonard Eddie Warden died from injuries after he fell through a roof while building a church in Duluth. His widow received workers' compensation benefits from his employer Fulton Roofing, a subcontractor of Hoar. Mrs. Warden then sued Hoar, the general contractor, for wrongful death, and the fund that paid the benefits sued Hoar for subrogation. After the trial court granted summary judgment to Hoar, Warden appealed to this Court based on her claim that our interpretation of the exclusive remedy statute in *Rieder* violates due process.

1. This case involves the construction of two provisions of the Workers' Compensation Act. OCGA § 34-9-8 provides that a principal, intermediate, or subcontractor shall be liable for compensation

---

[1] 247 Ga. 496 (277 SE2d 41) (1981).

to any injured employee to the same extent as the immediate employer. The injured employee must first present a claim for compensation against his or her immediate employer, but that proceeding does not waive the employee's right to recover from the principal or intermediate contractor if the immediate employer is not subject to the act. Under § 34-9-8, the principal or intermediate contractor becomes the "statutory employer" of the subcontractor's employee.[2]

OCGA § 34-9-11, the exclusive remedy provision, provides that the employee's rights and remedies under the Workers' Compensation Act exclude all other rights of the employee due to injury, loss of service, or death except the right to bring an action against a third-party tort-feasor. This code provision creates three express exceptions to the employee's right to sue a third party, granting immunity from tort liability to employees of the same employer,[3] persons who provide workers' compensation benefits under a contract with the employer, and "construction design professionals."[4]

In *Wright Associates v. Rieder*, this Court created a fourth exception. In that case, we held that the injured employee of a subcontractor could not maintain a tort action against the principal contractor, even when the principal contractor did not pay workers' compensation benefits. We reasoned that the principal contractor should receive the benefit of tort immunity under § 34-9-11 because it was liable to pay workers' compensation benefits under § 34-9-8. "The quid pro quo for the statutory employer's potential liability is immunity from tort liability."[5] If tort liability depended on the principal contractor's actual payment of workers' compensation benefits, then the general contractor who required subcontractors to carry insurance would be liable in tort whereas the general contractor who did not require insurance would escape tort liability.[6] That result would undercut the purpose of § 34-9-8 to ensure that employees are covered by workers' compensation.

The Court of Appeals has consistently followed our holding in *Rieder* and held that a general contractor who is a statutory employer is immune from tort liability despite never having paid benefits to the injured worker.[7] The Georgia General Assembly has

---

[2] Id. at 497; *Haygood v. Home Transportation Co.*, 244 Ga. 165, 166 (259 SE2d 429) (1979).

[3] See *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983) (employees of general contractor are not "employees of the same employer" and therefore not immune from tort liability under § 34-9-11).

[4] OCGA § 34-9-11 (a).

[5] *Rieder*, 247 Ga. at 500.

[6] See id. at 499-500; 6 Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law, § 72.31 (b) at 14-231 to 14-232.

[7] See, e.g., *Holton v. Georgia Power Co.*, 228 Ga. App. 135, 137 (491 SE2d 207) (1997); *Paz v. Marvin M. Black Co.*, 200 Ga. App. 607, 608 (408 SE2d 807) (1991); *Cleckley v. Batson-*

amended the exclusive remedy provision twice since 1981, but has chosen not to overturn the tort immunity granted general contractors in *Rieder*.[8] Finally, the rule in this state is consistent with the "marked trend in more recent times toward granting immunity to the general contractor when the subcontractor was insured, and even when compensation has been actually paid under the subcontractor's policy."[9]

2. Although acknowledging the current status of the law, the plaintiffs ask this Court to revisit our holding in *Rieder* in light of a new subrogation statute. In 1992, the Georgia General Assembly adopted OCGA § 34-9-11.1 giving "the employer" or "the employer's insurer" a subrogation lien for benefits paid to the injured employee. The lien occurs only when the injured employee or the employee's survivor has a right to action against "other persons, except as precluded by Code Section 34-9-11 or otherwise."[10]

This subrogation statute does not grant any new substantive rights to injured employees or change the immunity from tort liability provided in § 34-9-11. On the contrary, the new code section expressly incorporates the tort immunity granted by § 34-9-11 and granted "otherwise" by this Court's interpretation of that statute in *Rieder*. Rather than addressing employees' rights, the subrogation statute gives employers or insurers the right to recover the amount of benefits or expenses that they have paid. Thus, the subrogation provision helps fulfill the legislature's goal in 1992 to contain the costs of workers' compensation without diminishing benefits to the injured worker.[11]

Despite several opportunities to declare that this Court's interpretation in *Rieder* was contrary to legislative intent, the legislature chose not to change the law related to statutory employers or their tort immunity.[12] Since the legislature is charged with knowledge of the courts' interpretation of statutes, the failure to amend the statute raises a presumption that the legislature intended to make no

---

*Cook Co.*, 160 Ga. App. 831, 831-832 (288 SE2d 573) (1982).

[8] See 1990 Ga. Laws 1164, 1165 (including construction design professionals among persons receiving immunity); 1995 Ga. Laws 352 (extending immunity to businesses using temporary help or employee leasing).

[9] Larson's Workers' Compensation Law, supra, n. 6, § 72.31 (b) at 14-209, 14-217, 14-224 (citing cases from 18 states).

[10] OCGA § 34-9-11.1 (a).

[11] See G. Mark Cole, Labor and Industrial Relations, 9 Ga. St. U. L. Rev. 285, 288 (1992) (describing legislative changes based on work of Georgia Task Force for Workers' Compensation Reform).

[12] Cf. *Horton v. Hinely*, 261 Ga. 863, 864 (413 SE2d 199) (1992) (refusing to overrule 20-year-old decision interpreting statute to grant immunity to children under 13 when legislature had chosen not to change the statute).

change in the law.[13]

3. Because this Court's interpretation of the exclusive remedy provision in *Rieder* is reasonably related to a legitimate legislative purpose, OCGA § 34-9-11 does not violate due process.[14]

*Judgment affirmed. All the Justices concur, except Benham, C. J., Hunstein and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

OCGA § 34-9-8 (a) provides that, for purposes of imposing liability for workers' compensation benefits, either the principal, intermediate, or subcontractor can be considered the statutory employer of an injured employee. Under OCGA § 34-9-11 (a), the right to recover workers' compensation benefits is an injured employee's exclusive remedy, "provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor. . . ." The issue in this case is whether a statutory employer who has not been required to pay workers' compensation benefits under OCGA § 34-9-8 (a) is nevertheless entitled to the immunity from tort liability granted by OCGA § 34-9-11 (a). If this were an issue of first impression, I would hold that a statutory employer with no actual liability for workers' compensation benefits has no immunity from potential tort liability. In *Wright Assoc. v. Rieder*, 247 Ga. 496, 499 (1) (277 SE2d 41) (1981), however, this Court held that any and all statutory employers "should receive the correlative benefit of tort immunity. . . ." Although I do not agree with this holding in *Rieder*, I am bound to follow it in this case and, for that reason, I concur specially.

The underlying policy of the Workers' Compensation Act (Act) is to insure that an employee who suffers an on-the-job injury can recover benefits, without regard to any issue of negligence, contributory negligence or assumption of the risk. *Pardue v. Ruiz*, 263 Ga. 146, 148 (429 SE2d 912) (1993). Thus, it is entirely appropriate that the employer who actually bears the financial burden of providing workers' compensation benefits receive, as the quid pro quo for satisfaction of this statutory liability to the injured employee, an immunity from common law tort liability. See generally *Smith v. Gortman*, 261 Ga. 206, 207 (403 SE2d 41) (1991). However, it clearly is not the intent of the Act to supplant the law of tort entirely, because an injured employee's right to sue a third-party tort-feasor specifically is preserved by OCGA § 34-9-11 (a). Because the statutory employer incurring no actual liability for the payment of workers' compensation benefits is a third-party as to the injured employee's claim for

---

[13] *Smith v. Employers' Fire Ins. Co.*, 255 Ga. 596 (340 SE2d 606) (1986).
[14] See *Georgia Dep't of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822, 823-824 (411 SE2d 871) (1992); *Henderson v. Hercules, Inc.*, 253 Ga. 685, 686 (324 SE2d 453) (1985).

those benefits, it is my opinion that such a statutory employer should be considered a potential third-party tort-feasor as to the injured employee. The effect of allowing tort immunity to a statutory employer having no actual liability for workers' compensation benefits is to reward a tort-feasor while punishing a tort victim. In return for the statutory right to recover only workers' compensation benefits for his injury, the injured employee must forgo his right to assert common law tort liability against more than just one potential tort-feasor. See *Meiggs v. Associated Builders*, 545 A2d 631, 637 (IV) (D.C. App. 1988).

The majority points out the existence of a "marked trend" toward the grant of tort immunity to a statutory employer who incurs no actual liability for workers' compensation benefits. It should be noted, however, that this trend apparently includes cases from states wherein "the applicable workers' compensation law specifically requires immunity." *Bence v. Pacific Power & Light Co.*, 631 P2d 13, 17 (Wyo. 1981). Under our Act, there is no specific grant of tort immunity to statutory employers. In Georgia, the extent of tort immunity is dependent entirely upon whether a "third-party tort-feasor" against whom tort liability can be asserted under OCGA § 34-9-11 (a) includes or excludes any and all statutory employers having potential liability for payment of workers' compensation benefits pursuant to OCGA § 34-9-8 (a). Notwithstanding the trend noted by the majority, there is extensive authority which supports interpreting the tort immunity granted by OCGA § 34-9-11 (a) to apply only to those statutory employers who actually pay workers' compensation benefits to the injured employee. See 6 Larson's Workers' Compensation Law, § 72.31 (b), fn. 48 (1998) (citing cases from 15 states, the District of Columbia and Puerto Rico). Accordingly, if this were an issue of first impression in Georgia, I would follow that persuasive foreign authority and hold that, without regard to potential liability for workers' compensation benefits, it is only the employer incurring actual liability for those benefits who is entitled to tort immunity.

However, this issue was resolved in *Rieder* wherein a majority of this Court adopted a contrary construction of the relevant provisions of the Act. As the majority indicates, subsequent to the decision in *Rieder* 17 years ago, the General Assembly has amended the Act extensively, but has not redefined "third-party tort-feasor" so as to include a statutory employer who incurs no actual liability for workers' compensation benefits. Therefore, under that principle of stare decisis to which I subscribe, I am compelled to concur in the majority's affirmance of the grant of summary judgment in this case. *Abernathy v. City of Albany*, 269 Ga. 88 (495 SE2d 13) (1998).

I am authorized to state that Chief Justice Benham and Justice Hunstein join in this opinion.

DECIDED SEPTEMBER 14, 1998.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Mundy & Gammage, John S. Husser,* for appellants.
*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Mary K. Greene,* for appellee.